**John ERBY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 785S271.

Supreme Court of Indiana.

July 31, 1987.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction of two counts of class B felony robbery. A fifteen year sentence was imposed for Count I and a ten year sentence for Count II.

There are three issues presented for review: (1) whether there was sufficient evidence to support the determinations of guilt; (2) whether the convictions were contrary to law; and (3) whether the trial court erred in its sentencing determination.

These are the facts from the record which tend to support the determination of guilt: A Kentucky Fried Chicken restaurant was robbed on August 31, 1983, (Count I), and on September 13, 1983, (Count II). The restaurant was equipped with a surveillance camera which was activated during each robbery. Two employees who were working on August 31, 1983, identified appellant as one of the men who robbed them. Three photographs taken by the surveillance camera at the time of the robbery showed a bearded individual wearing a green camouflage baseball cap. Police located a similar cap at appellant's residence and a photograph of appellant with a beard. An employee who was working at the restaurant on September 13, 1983, and a customer who was in the restaurant on that date identified appellant as one of the

men who committed the robbery. Several surveillance camera photographs taken at the time showed a bearded individual resembling appellant.

## I & II

■ Appellant urges that there was insufficient evidence to prove he was the perpetrator of the robberies and that the verdicts were contrary to law since the State failed to provide sufficient evidence of identity.

If appellant had been arrested during the commission of the robberies or if his fingerprints were found inside the cash drawer, the State's proof of identity would have been stronger. However, it is not necessary to have that degree of evidence of identity of the perpetrator in order to support a conviction. Eyewitness identification and numerous photographs, the evidentiary value of which the jury may decide itself, are more than sufficient evidence from which the jury could reasonably infer that appellant was one of the perpetrators in each of the robberies.

## III

Appellant further urges that the trial court erred by not providing an adequate basis for aggravating the sentence in Count I and in ordering his sentence on both Counts to run consecutively with an apparently at that time undetermined sentence from another court.

■ The first argument here is based upon the premise that the trial judge failed to state adequate grounds for the aggravation of the one robbery sentence. In adding five years to the presumptive term the trial judge stated:

"Your sentence is enhanced because of your prior criminal history, because of the serious nature of the crime, because it is felt that not to enhance the sentence would serve to depreciate the seriousness of the crime."

The judge did review the presentence report and it was discussed at the sentencing hearing. The ultimate record statement was nothing more nor less than a list of the general categories from the statute. This

statement lacks the required degree of specificity which contemplates the inclusion of particular facts and circumstances. *Tucker v. State* (1983), Ind., 443 N.E.2d 840. The individualized statement need not be exhaustive, but must be sufficient to warrant the conclusion on appeal that the sentence is reasonable. This statement is not so couched.

█ Appellant's final argument is stated: "Furthermore, the trial court erroneously ordered that the Defendant's sentence herein be consecutive to some other obscure and unrelated pending charge wherein no judgment of conviction had been entered." The trial judge ordered the sentences imposed herein to be served consecutive "to any time that you may receive in Criminal Cause Number CR84–100D." The only reference in the record of the proceedings to this cause number is found in the pre-sentence report which indicates that appellant was scheduled to enter a plea of guilty in that cause on the same day he was sentenced in this proceeding.

When a sentence is imposed, the commencement of that sentence cannot be delayed absent specific statutory authorization and there is no indication of whether or not the mandatory provision of the consecutive sentencing statute was applicable. See I.C. § 35–50–1–2. The trial judge must give specific reasons for imposing a consecutive sentence and the record is silent as to any explanation for the order requiring these sentences to run consecutive to any time imposed in CR84–100D. *Brown v. State* (1982), Ind., 442 N.E.2d 1109.

Consequently, the cause is remanded to the trial court with instructions to conduct a new sentencing hearing to (1) provide a basis for the enhancement of the one sentence, or in the alternative to enter the presumptive sentence for it, and (2) specify the legal authority and justification for the consecutive sentence order, or in the alternative to drop it.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.