Lokmar Yazid ABDUL–WADOOD
a/k/a Lincoln Love, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8602–CR–209.

Supreme Court of Indiana.

April 12, 1988.

Rehearing Denied June 27, 1988.

Thomas G. Godfrey, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction in a trial by jury of the offenses of attempted murder and class C battery. Appellant was sentenced to consecutive fifty and eight year terms of imprisonment, those sentences to also run consecutively to the time appellant was already serving.

There are five issues presented for review: (1) whether the trial court erred by failing to instruct the jury that specific intent to commit murder is an element of attempted murder; (2) whether the trial court erred by excluding defense evidence; (3) whether the trial court erred by not permitting the defense to recall State's witness officer Abel; (4) whether the trial court erred by permitting the State to introduce incident reports from Pendleton Reformatory; and (5) whether the trial court erred by not permitting the defense to recall Byron Alston as a surrebuttal witness.

These are the facts pertinent to this appeal. Appellant was an inmate at the reformatory in Pendleton, Indiana. On Nov. 5, 1984, correction officers attempted to transfer appellant from J cell house to administrative segregation. The standard procedure for such a move is to go to the cell door and handcuff the prisoner and then another officer mechanically releases the door from a remote location. When appellant was ordered to pack his belongings for the move he refused. The door to his cell was then mistakenly released. Appellant left the cell, armed himself with a knife, and was eventually cornered by correction officers.

In restraining appellant, officer Stonebarger was cut on the hand by appellant and officer Abel was stabbed in the back by appellant. Appellant asserts that he had no intent to kill the officers but had been informed by other inmates that the officers intended to physically assault him during the transfer. He claims he obtained the knife for his own self preservation and that the stabbing was accidental and a result of his being sprayed with mace and losing his balance.

I

◼ Appellant urges that the trial court committed fundamental error by failing to instruct the jury that specific intent to kill is a requisite element of the crime of attempted murder. He is correct.

The trial court gave the following instruction to the jury:

"To sustain the charge of attempted murder, the State must prove the following propositions:

First: That the Defendant knowingly engaged in conduct against DAVID ABEL.

Second: That the Defendant's conduct against DAVID ABEL constituted a substantial step toward the commission of the crime of murder."

This instruction is defective in that it fails to inform the jury that the substantial step toward the crime of murder must have been accompanied by the state of mind which is required for the crime of murder. In *Smith v. State* (1984), Ind., 459 N.E.2d 355 we declared the giving of this instruction to be fundamental error. *See also Santana v. State* (1986), Ind., 486 N.E.2d 1010. The error in the instruction creates a serious risk of wrongful conviction. This instruction purports to set out the complete burden of the prosecution. It is an instruction, which when given at a trial, creates a moment of focus and special attention. The judge takes special care in reading it loudly and distinctly. The jury perceives its special and crucial character. Armed with the information in this instruction, the jury could rationally deem itself authorized to convict because it was convinced beyond

a reasonable doubt that the accused deliberately engaged in cooperative conduct, in a series of developing events, which culminated in an enterprise carrying the death risk, even though there could have been no appreciation of that risk at the time of the cooperative conduct. Obviously, such a conviction would be a gross miscarriage of justice and unintended by the legislature in establishing the crime of attempted murder. The requirements of *Smith* and *Santana* are essential to prevent just such a miscarriage of justice and to fulfill legislative intent. The holding in *Smith* is correct law, *stare decisis* here, and requires reversal of appellant's conviction for attempted murder and remand for a new trial. The other issues raised will be addressed only in connection with the battery conviction.

## II

Appellant attempted to introduce evidence of his state of mind at the time of the incident. He desired to show, through his own testimony and that of other prisoners, that he believed the officers planned to beat him, that officer Abel had a poor reputation for truth and veracity and that he had a reputation for violence against prisoners. Appellant urges that this evidence would explain why he felt compelled to arm himself with a knife.

■ Appellant specifically denied that he was offering the defense of self defense. Rather, he claimed that any injury to, or physical contact with, the correction officers was purely accidental. He asserts that he needed to show the jury why he had armed himself with a knife. However, the reason he possessed the knife was irrelevant to whether or not the battery was accidental. Even had appellant been entitled to possession of a knife in prison, this information would not bear on the accidental nature of the battery. Further, through an offer to prove, appellant explained that he obtained possession of the knife because he feared for his personal safety. The only way this knife would protect him was if he took it in hand and threatened to use it. Instead of supporting

his accident defense, it would seem to establish that he intended to use the knife against the officers in order to protect himself. The trial court did not err by excluding this evidence.

## III

■ At trial, officer Abel testified that after appellant stabbed him, he didn't know where appellant was because he was trying to get up and away. In an earlier deposition Abel had stated that appellant was standing over him after the stabbing.

Appellant attempted to introduce the deposition as a prior inconsistent statement during the defense portion of the trial but was prevented from doing so due to his failure to establish a proper evidentiary foundation. He was denied the opportunity to recall officer Abel to ask him the omitted cross-examination foundation questions. He could have called officer Abel as a defense witness but would not have been permitted to impeach him.

This slight discrepancy in the two statements by officer Abel is not of fundamental importance nor necessarily inconsistent. The trial court did not err in refusing to permit appellant to recall officer Abel in order to ask omitted questions.

## IV

■ Appellant contends it was error to permit the State to question him about acts of misconduct not amounting to convictions. The specific acts were violations of prison rules, namely, four incidents of missing roll call, refusing to obey an order from a staff member, two incidents of threatening staff, and disorderly conduct.

These incidents were admissible to show appellant's intent and motive. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. Each of these incidents reflect appellant's contempt for the correction officers and the institutional rules. They all occurred between September 22, 1984, the day after he was released from administrative segregation, and November 5, 1984, the date of this incident. His disregard of the rules and threats to the corrections staff go directly

to his motive and intent in the confrontation with the officers and were consequently permissible evidence.

## V

 During the presentation of his defense, appellant called Byron Alston as a witness. Alston testified that he was in J cell house at the time of the altercation and witnessed the struggle between the officers and appellant. He verified appellant's version of the altercation and contradicted officer Abel's version.

On cross-examination of Alston, the prosecutor asked him if he was not in G cell house instead on November 5, 1984. Alston maintained he was in J cell house and witnessed the incident. In rebuttal, the prosecutor presented the reformatory records keeper who testified Alston was in fact in G cell house, rather than J, on that date.

Appellant then sought to recall Alston in surrebuttal to contradict this testimony. However, Alston had already been confronted with the State's position that he was in G cell house that day and could not have witnessed the altercation. He had denied the State's claim. An additional denial by Alston on surrebuttal would not have enlightened the jury further. There was no error.

The attempted murder conviction is reversed and remanded for a new trial. In all other things the trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case, in that it holds that the trial court committed fundamental error by failing to instruct the jury that specific intent to kill is a requisite element of the crime of attempted murder. There is no question that the specific intent to kill must be present.

The error of the majority in this case is in finding that the trial court failed to so instruct. I find it incredible for the majority to hold that a jury could be confused when a judge instructs them that in order to be guilty of attempted murder they must find, among other things, "that the Defendant's conduct against DAVID ABEL constituted a substantial step toward the commission of the crime of murder." I fail to see how any reasonable person could be so instructed but yet believe that they could find appellant guilty of attempted murder but not be required to find that he intended to commit the crime of murder. It strains the credulity of one's reasoning to believe that one could be guilty of attempting to murder another person while at the same time not intending to kill him.

I would hold the instructions given by the trial court in this case are adequate. I would affirm the trial court.

PIVARNIK, J., concurs.