**Lonnie Ray HALL, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 35A02–8912–CR–653.**

Court of Appeals of Indiana, Second District.

Feb. 20, 1991.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-defendant Lonnie Ray Hall (Hall) appeals his convictions for attempted murder[1] and robbery,[2] claiming that the trial court erred in instructing the jury, and that the court improperly sentenced him

---

**1.** Ind.Code 35–41–5–1; Ind.Code 35–42–1–1.

**2.** Ind.Code 35–42–5–1.

for class A robbery based on the same set of facts which supported his attempted murder conviction.

We reverse in part and affirm in part.

## FACTS

On July 21, 1988, Hall and Danny Hogle (Danny) hitchhiked from Danny's house in Marion to Jonesboro. They visited a number of places there before finally going to the home of Hall's grandmother, Crystal Baker (Baker), ostensibly to have Baker drive them back to Marion, which Baker reluctantly agreed to do.

During the trip, Hall and his grandmother argued over papers for a chain saw she had purchased for him. Upon arrival at Hall's home, Hall and Danny entered the house to look for the papers. The two had repeatedly urged Baker to go with them into the house, but she refused electing to stay in the car. However, when they did not return, Baker decided to see what was taking so long.

When she entered the house, Hall knocked her down and Danny struck her with a galvanized pipe. Danny then tied Baker's hands and feet with an extension cord. Hall and Danny placed Baker in the car, covered her with a blanket, and drove to Salamonie Reservoir. There they placed her in the water where Hall shot her twice with a shotgun while she crawled up the bank pleading for mercy. The contents of her purse were taken and the purse thrown into the Reservoir. Hall and Danny then drove back to Marion in Baker's car where Danny was dropped off near his house after refusing to go to Kentucky. Before Danny departed, Hall threatened to kill him if he told anyone what happened.

When discovered at the water's edge the next morning, Baker's upper-right arm had been nearly severed by the shotgun blast. She also had shotgun pellets imbedded in her right side and two wounds to her head. After extensive emergency medical treatment, Baker's life was saved; her right arm had to be amputated.

Later, Hall and Danny's brother, Herbert Hogle (Herbert) (whom Hall had previously asked to help him kill his grandmother) drove to a bank in Marion where Hall cashed Baker's social security check which had been in her purse. Hall and Herbert then picked up Danny and the three divided the money and went to a mall. Their shopping completed, Hall dropped off the Hogle brothers and drove Baker's car to Kentucky where he was later arrested.

On July 28, 1988, Hall was charged with attempted murder, robbery and confinement. Following a jury trial, which began on July 5, 1989, Hall was found guilty on all counts. A sentencing hearing was held on August 28, 1989, at which Hall was sentenced to fifty years for attempted murder, fifty years for robbery, as a class A felony, and twenty years for criminal confinement. The court then determined that the attempted murder and robbery sentences were to be served concurrently, while the confinement sentence was to be served consecutively to those sentences. Hall now appeals his attempted murder and robbery convictions.

## ISSUES

Hall raises several issues for our consideration which we restate as follows:

1. Whether the trial court erred when it instructed the jury that Hall had the burden of proving the defense of intoxication?

2. Whether the trial court committed error by failing to instruct the jury that a specific intent to kill the victim is a necessary element of attempted murder?

3. Whether the trial court erred by instructing the jury that prior inconsistent statements of witnesses may be considered as substantial evidence of Hall's guilt?

4. Whether the trial court erred when it instructed the jury that flight is evidence of consciousness of guilt?

5. Whether the trial court erred in sentencing Hall for attempted murder when the injuries which are the basis for the attempted murder conviction are also the basis of the elevation of robbery to a class A felony?

ISSUE ONE—Whether the trial court erred when it instructed the jury that Hall had the burden of proving the defense of intoxication?

PARTIES' CONTENTIONS—Hall claims that the court's instruction that he had the burden of proof for the defense of intoxication impermissibly shifted to him the burden of showing that he had the requisite intent to commit the offenses. The State says that any error as to the instruction is waived, or in the alternative, harmless.

CONCLUSION—The trial court did not err in instructing the jury on the defense of intoxication.

Hall testified that the evening on which these events took place, he consumed six beers, smoked marijuana, and taken three Trilafan pills, a tranquilizer which had been prescribed for his stepfather. None of Hall's accomplices, however, confirmed Hall's use of alcohol or drugs on that evening.

At the conclusion of trial, the court issued the following instruction on intoxication:

"The defense of intoxication may afford a complete defense which excuses the criminality of the act. To operate as a complete defense, however, the intoxication must be shown to have been of such a degree as to have deprived the defendant of the power to deliberate or form the necessary intent. In other words, intoxication is a defense to a crime if the intoxication rises to the level that the defendant lacked substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. Whether or not a defendant's intoxication prevented him from forming the requisite intent is a question of fact for the jury. The defendant has the burden of proof for the defense of intoxication."

*Supplemental Record* at 23, 180.

 Hall claims that this instruction misinstructs the jury by placing on him the burden of showing that he did not have the requisite intent to commit the offenses. We observe, however, that the language employed by the court in instructing the

jury constitutes an almost verbatim rendition of the proper standard enunciated by our Supreme Court in *Melendez v. State* (1987), Ind., 511 N.E.2d 454:

"To negate intent, intoxication must be of such a degree as to deprive the defendant of the power to deliberate or to form the necessary design or guilty intent. *Whether a defendant's intoxication prevented him from forming the requisite intent is a question of fact for the jury and one upon which the defendant bears the burden.*"

(Emphasis supplied.) *Id.* at 457–58; *see also Coble v. State* (1985), Ind., 476 N.E.2d 102; *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Therefore, we conclude the court did not err in instructing the jury on the defense of intoxication.

ISSUE TWO—Whether the trial court committed error by failing to instruct the jury that a specific intent to kill the victim is a necessary element of attempted murder?

PARTIES' CONTENTIONS—Hall argues that the court misinstructed the jury on the elements of attempted murder because the instructions failed to set forth the requirement that he must have had the specific intent to kill. The State counters that the error is waived, or in the alternative, harmless.

CONCLUSION—The trial court's failure to instruct the jury on specific intent was reversible error.

Our supreme court in *Smith v. State* (1984), Ind., 459 N.E.2d 355, set forth a standard for measuring what information must be conveyed to the jury in an attempted murder instruction:

"Although one may be guilty of murder, under our statute, without entertaining a specific intent to kill the victim, he cannot be guilty of attempted murder without entertaining such intent. The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct. An instruction which correctly sets forth the elements of attempted murder requires an explanation that the act must have been done with

the specific intent to kill. Here, the instruction does not, and the jury may infer from the instruction given that they could find the defendant guilty of attempted murder even if there was no intent to kill the victim at the time he acted."

*Smith, supra,* at 358.

■ This language makes it clear that it is not enough that a defendant intends to engage in the proscribed conduct. He must also have engaged in the conduct with the intention of accomplishing a killing of a human being. A proper instruction must inform the jury of this requirement. *See Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299; *Smith, supra.*

The jury which convicted Hall was instructed on the elements of attempted murder as follows:

"A person commits the crime of attempted murder when he knowingly or intentionally does any act which constitutes a substantial step towards the commission of the crime of murder. The crime attempted need not have been committed."

*Supplemental Record* at 31, 183.

Also, the trial court instructed the jury on the essential elements of attempted murder as follows:

"To sustain the charge of Attempted Murder the State must prove beyond a reasonable doubt the following propositions: first, that the defendant performed an act which constituted a substantial step toward the commission of the crime of murder and second, that the defendant did so knowingly or intentionally."

*Supplemental Record* at 30, 183.

These instructions fail to use any language whatsoever that conveys to the jury that Hall must have acted with the intent to kill the victim. Thus, they do not meet the *Smith* requirements. Additionally, we observe that the latter instruction is nearly identical to the ones our supreme court has previously determined to be improper. *See Abdul–Wadood, supra; Smith, supra.*

ISSUE THREE—Whether the trial court erred by instructing the jury that prior inconsistent statements of witnesses may be considered as substantial evidence of Hall's guilt?

PARTIES' CONTENTIONS—Hall says that the court's instruction that prior inconsistent statements of witnesses are "substantial" evidence of guilt, is not a correct statement of law. The State responds that Hall waived the issue because he offered the allegedly erroneous instruction.

CONCLUSION—Hall waived any error resulting from the court instructing the jury as to impeachment by inconsistent statements. Hall claims the following instruction was an incorrect statement of law:

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement and/or acted in a manner inconsistent with his testimony in this case.

It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to be given to the testimony of that witness as well as *substantial* evidence of the guilt of the defendant.

*Supplemental Record* at 44, 192–93 (emphasis supplied).

Hall recognizes the instruction is a pattern jury instruction, *Indiana Pattern Jury Instruction (Criminal)* 12.17, but claims that a correct statement of law is that prior inconsistent statements act as "substantive" rather than "substantial" evidence of guilt.

■ This is not a dispute we must decide. Hall not only failed to make any objection to its introduction, he is the one who offered the instruction. *Supplemental Record* at 47. A defendant cannot successfully assert error in the giving of his own tendered instruction. *Stamper v. State* (1973), 260 Ind. 211, 294 N.E.2d 609; *Johnson v. State* (1968), 251 Ind. 182, 240 N.E.2d 70. Any error with regard to the instruction is waived.

ISSUE FOUR—Whether the trial court erred when it instructed the jury that flight is evidence of consciousness of guilt?

PARTIES' CONTENTIONS—Hall claims the trial court's instruction creates a presumption of guilt which impermissibly shifted the burden of proof to the defendant. The State counters that any error was waived for failure to offer a timely objection at trial, and nonetheless, the instruction is a correct statement of law.

CONCLUSION—The trial court did not err in giving the instruction on flight being evidence of consciousness of guilt.

The flight instruction given by the court reads:

The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, if proved, is not evidence of guilt. It is, however, evidence of consciousness of guilt.

*Supplemental Record* at 27, 179.

■ We need not address the waiver issue offered by the State. As both Hall and the State recognize, the instruction on flight used by the court is a pattern jury instruction. *See Indiana Pattern Jury Instruction (Criminal)* 12.21. Our supreme court has previously determined that this instruction is a correct statement of law. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083. Although we recognize Hall's claim that the issue of whether the instruction creates an impermissible mandatory presumption has never been addressed, a close reading of *Hansford* reveals that our supreme court did address that issue although not in the precise manner Hall would phrase it. As the instruction is a correct statement of law, Hall's argument is without merit.

ISSUE FIVE—Whether the trial court erred in sentencing Hall for attempted murder when the injuries which are the basis for the attempted murder conviction are also the basis of the elevation of robbery to a class A felony?

PARTIES' CONTENTIONS—Hall claims that the trial court erred in elevating the robbery charge to a class A felony when the elevation was based on the injuries which were also the basis of the attempted murder charge. The State concedes the court erred in sentencing, but claims that

should Hall succeed on the issue of the attempted murder instruction, then no double jeopardy problem remains, so Hall's sentence for class A robbery was not invalidated.

CONCLUSION—The trial court erred in sentencing Hall.

■ As matters now stand, Hall's conviction for attempted murder must be vacated because of the erroneous instruction. *See Flowers v. State* (1985), Ind., 481 N.E.2d 100, *aff'd on remand,* 518 N.E.2d 1096. Because that conviction is vacated, Hall's fifty-year sentence for robbery was not improper, which sentence is to be served consecutively to his twenty-year sentence for confinement.

The judgment is affirmed as to class A robbery and reversed as to the attempted murder conviction.

STATON, J., concurs.

SULLIVAN, J., concurs in part and dissents in part.

SULLIVAN, Judge, concuring in part and dissenting in part.

I concur as to Parts II, III and IV.

I concur in Part V in the understanding that reversal of the attempted murder conviction requires a discharge of the defendant upon that charge and prohibits a retrial upon that charge. If it were otherwise, the robbery conviction would be tainted as discussed in the majority opinion.

I dissent as to Part I. The intoxication instruction here placed the burden upon defendant to prove "the defense of intoxication." To be sure, it did not set forth the degree of proof necessary for the carrying of the burden, as was the case in *Fowler v. State* (1988) Ind., 526 N.E.2d 1181, but it very definitely fixed a burden of proof. It did not, as contemplated in the *Fowler* decision, merely require defendant to come forward with some evidence of intoxication as might create reasonable doubt in the minds of the jury.

In my view, the instruction would have been just as objectionable had it estab-

lished the burden as "by a preponderance of the evidence." But suffice it to say that in the case before us the only standard dealing with burden of proof is that contained in the instruction which sets forth the burden of the State with respect to the elements of the crime. Quite clearly this burden requires proof beyond a reasonable doubt. A reasonable jury of lay persons would logically extrapolate "the beyond a reasonable doubt" standard into the burden for proving the intoxication "defense."

The majority quotes a passage from *Melendez v. State* (1987) Ind., 511 N.E.2d 454 which at first blush appears to be inconsistent with the proposition that intoxication is not a defense upon which defendant bears the burden of proof. It must be noted, however, that the seemingly inconsistent statement is made in the context of a sufficiency of evidence discussion. The court was considering whether the evidence was sufficient to sustain the conviction in light of Melendez's appellate argument that the evidence demonstrated that he was so intoxicated as to have been unable to form the intent to kill. The focus was upon the validity of the verdict in light of the evidence. The only issue under discussion at that point was whether the evidence of intoxication negated the intent element as a matter of law. To the extent that the court gratuitously added that defendant bore the burden upon the issue, it was dictum. In the context of the discussion it did not constitute a holding as to the burden of proof which might permissibly be included in an instruction to the jury. It was merely a comment with respect to appellate review and said, in effect, that unless defendant has proved intoxication so convincingly as to make the matter of intent a question of law, the verdict of the jury will not be overturned.

In *Melendez*, the jury was not instructed that defendant had a burden of proof with respect to intoxication. To the contrary, in discussing the semantic confusion in referring to intoxication as a "defense" the unanimous opinion of our Supreme Court made clear that the word "defense" merely means that evidence of intoxication should be considered by the jury "as would any

other mental incapacity of such severe degree that it would preclude the ability to form intent". 511 N.E.2d at 457. The instruction given here was therefore not unlike the instruction which was condemned in *Fowler*.

The evidence in the case before us overwhelmingly discloses that Hall was not so intoxicated as to be unable to form the requisite intent to commit the robbery. The giving of the instruction was therefore, in my view, harmless error.

As does the majority, I vote to reverse the conviction for attempted murder but would go further and order discharge of the defendant upon that charge. In that light I then vote to affirm the robbery conviction and agree that the sentence upon that conviction should run consecutive to the sentence for confinement.