**Raymond STEWART, Petitioner–Appellant,**

v.

**STATE of Indiana, Respondent–Appellee.**

**No. 49A02–8904–PC–154.**

Court of Appeals of Indiana, Third District.

March 7, 1991.

---

Susan K. Carpenter, Public Defender, Thomas C. Hinesley, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Raymond Stewart (Stewart) appeals the denial of his petition for post conviction relief.

We affirm.

Stewart was convicted in 1983 of robbery, a class A felony, attempted murder, a class A felony, and criminal confinement, a class B felony. A belated motion to correct errors was filed and denied. Stewart's convictions were affirmed by our supreme

court in *Stewart v. State* (1985), Ind., 474 N.E.2d 1010.

In 1986 Stewart filed a petition for post conviction relief pursuant to Indiana Rules of Procedure, Post Conviction Remedy Rule 1. An evidentiary hearing was held, and the trial court subsequently denied Stewart's petition. Stewart instituted this appeal. He presents the following issues, which we restate:

1. Whether Stewart was denied effective assistance of trial counsel;

2. Whether Stewart was denied effective assistance of appellate counsel;

3. Whether the court committed fundamental error when instructing the jury regarding the essential elements of attempted murder;

4. Whether the court committed fundamental error in sentencing Stewart to enhanced terms and ordering the sentences to be served consecutively without sufficiently stating the aggravating factors supporting such a sentence.

### I.

■ Stewart argues that he was denied effective assistance of trial counsel. Ineffective assistance of trial counsel was an issue known and available at the time of the direct appeal. *Propes v. State* (1990), Ind., 550 N.E.2d 755. If trial counsel and appellate counsel are different, appellate counsel has the first opportunity to present the issue, and failure to do so will generally be held a waiver of the issue. *Smith v. State* (1990), Ind.App., 559 N.E.2d 338. In the present case, Stewart was represented by different counsel on appeal and appellate counsel did not directly present the issue of ineffective trial counsel. Therefore, the issue of ineffective trial counsel has been waived.

### II.

■ Stewart argues that appellate counsel was ineffective for, among other things, failing to present the issue of effectiveness of trial counsel.[1] In fact, our supreme court has held that failure to properly preserve error on appeal constitutes ineffective assistance of counsel. *Propes, supra,* 550 N.E.2d at 758. However, in addressing the issue of prosecutorial misconduct on Stewart's first appeal, our supreme court indicated that it had reviewed the record and found that "a generally competent defense was presented" on Stewart's behalf. *Stewart, supra,* 474 N.E.2d at 1013. Therefore, because our supreme court reviewed the adequacy of trial counsel, Stewart was not prejudiced by appellate counsel's failure to specifically raise the issue.

■ Stewart also asserts that appellate counsel was ineffective for failing to consult with him concerning his first appeal. However, insufficient consultation does not constitute ineffective assistance of counsel absent a showing of prejudice to appellant. *Parrish v. State* (1987), Ind., 515 N.E.2d 516, 522. Stewart testified at the post conviction hearing that he had no legal training. He failed to demonstrate how consultation with appellate counsel

---

**1.** Generally, the effectiveness of appellate counsel is judged using the same standard of review as applied to trial counsel. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, 1059. To prevail upon a claim of ineffective assistance of counsel, Stewart must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's inadequacies the result would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

This appeal presents an interesting question regarding the appropriate standard of review. In *Baum v. State* (1989), Ind., 533 N.E.2d 1200, our supreme court enunciated a different standard of reviewing post conviction counsel's effectiveness. If counsel appeared and represented the petitioner in a procedurally fair setting, then counsel is judged to be effective. *Id.* at 1291. In the present case, the first appeal was perfected by means of a belated motion to correct errors which is a post conviction remedy available under Post Conviction Remedy Rule 2. Therefore, it is unclear whether we are to be guided by the *Strickland* standard or the *Baum* standard in reviewing appellate counsel's performance. Without deciding the issue, we determine that appellate counsel's performance was effective even under the more stringent *Strickland* standard.

would have aided his first appeal. We find no basis for reversal in this regard.

### III.

Stewart argues that the trial court failed to properly instruct the jury concerning the state's burden to prove intent to murder as an element of attempted murder. No objection was made at trial to the instructions given concerning the elements of the offense.

One of the cornerstones of our litigation process has been the contemporaneous objection rule. It simply provides that where no timely and proper objection was raised in the trial court, the matter will not be considered on appeal. The rule operates upon all parties. Its purpose is to promote fair trial by precluding a party from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him. It promotes just determinations by requiring parties to voice objections in time that harmful error may be avoided or corrected so that a fair and proper verdict will be secured.

The doctrine of fundamental error exists as the exception to that rule since it permits consideration on appeal of errors to which no objection was made at trial. Frequently, it is said to occur when failure to consider the error would deny a defendant "fundamental due process." That is descriptive but not really definitionally very helpful. Decisions which have attempted to explore further into the meaning of "fundamental" have often characterized such error as "error so prejudicial that the defendant could not have had a fair trial," *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1072, *rehearing denied,* or as "a blatant violation of basic and elementary principles ... [where] the harm or potential for harm could not be denied." *Lewis v. State* (1987), Ind., 511 N.E.2d 1054, 1057. The mere fact that error occurred and that it was prejudicial will not suffice. That, after all, is the ordinary rule for reversal on appeal when the contemporaneous objection has been made. Rather, the error must be one such that the defendant could not possibly have had a fair trial or such that this court is left with the conviction that the verdict or sentence is clearly wrong or of such dubious validity that justice cannot permit it to stand.

In the area of instructions to the jury in criminal cases it appears that the supreme court has found the error to be fundamental in instances where the trial court has failed to advise the jury of one of the elements of the offense under circumstances such that the jury might well have convicted although a reasonable doubt might exist concerning the omitted element. (If the existence of the omitted element is so well established in the record as to be incapable of rational dispute, the error might be characterized as harmless, but it would perhaps be more accurate to then deem it not fundamental.)

At Stewart's trial the following instruction was given to the jury concerning the elements of attempted murder:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

To convict the defendant the State must have proved each of the following elements:

The defendant
1. did knowingly
2. engage in conduct to wit: attempt to commit the crime of Murder by attempting to kill
3. another human being
4. that the conduct was a substantial step toward the commission of the crime of murder.

Record at 108.

Stewart argues that the instruction given did not sufficiently advise the jury of the intent necessary to attempted murder and that the instruction constituted fundamental error under the decisions in *Jackson v.*

*State* (1989), Ind., 544 N.E.2d 853; *Abdul-Wadood v. State* (1988), Ind., 521 N.E.2d 1299 and *Smith v. State* (1984), Ind., 459 N.E.2d 355. We disagree.

*Smith* and *Abdul-Wadood* both recognized intent to kill as a necessary element in attempted murder and struck down verdicts based upon instructions that did not require the jury to find the existence of such intent. *Jackson* was reversed because the instructions failed to require the jury to determine that the accused took a substantial step toward accomplishing the intended result. 544 N.E.2d at 854.

In the present case the jury was instructed that to be guilty of attempted murder Stewart must have knowingly engaged in conduct that constituted a substantial step toward commission of the crime of murder. Additionally, they were told that they must find that Stewart was attempting to kill another human being when he engaged in that conduct.

Certainly this is not a model presentation of the intent element. Indeed, the instruction might have been refused or modified over the objection that it was confusing or misleading had such an objection been voiced at trial.

Nevertheless, we believe reasonable jurors would, without question, interpret the requirement for conviction that the defendant intended to kill as supplying the necessary intent element found lacking in *Smith* and *Abdul-Wadood. See Jackson, supra,* 544 N.E.2d at 854, impliedly acknowledging this.

Accordingly, we find that the instruction given in this case does not constitute fundamental error and any error was waived by lack of objection at trial. We reach that conclusion because submission of the case under the instruction does not amount to denial of a fair trial or undermine our confidence in the verdict.

IV.

Stewart contends the court erred in sentencing him. He received enhanced sentences on all three convictions and the court required the sentences to be served consecutively. Again he made no objection when the court announced its reasons for the sentence. Neither did he assert sentencing error in his direct appeal.

In support of Stewart's sentences, the court found two aggravating factors: a reduced sentence would depreciate the seriousness of the crime, and Stewart was in need of rehabilitative treatment. At the time of Stewart's sentencing, both of these factors were enumerated in the statute setting forth factors which the court, in its discretion, might consider as aggravating circumstances.[2] IC 35–50–1A–7 (Burns Code Ed.Repl.1979).

We are, of course, familiar with the rule that a mere recitation of the statutory language is insufficient to support an enhanced sentence. *See Erby v. State* (1987), Ind., 511 N.E.2d 302. The question before us is whether that deficiency constitutes fundamental error.

We conclude it does not. Where the court fails to state any reasons for enhancement, we have found the error fundamental because then we can only speculate whether the court was relying upon a proper reason. *Pearson v. State* (1989), Ind.App., 543 N.E.2d 1141, *transfer denied.* On the other hand, where the court states permissible reasons but not with sufficient particularity, our supreme court has determined that the consequent error is not fundamental. *Beasley v. State* (1983), Ind., 445 N.E.2d 1372. Stewart's case is in this latter category. Had a timely objection been entered, the court would no doubt have specified with particularity the factual predicate for its conclusions. No such ob-

**2.** We note that in *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923–24 the court acknowledged that the statutory factor concerning the depreciating effect of imposing a reduced sentence has apparent application only when the court is considering imposing a reduced sentence. It held, however, the court could aggravate a sentence upon finding that failure to impose an enhanced sentence would depreciate the seriousness of the offense.

jection having been made, the error was waived.

Affirmed.

BUCHANAN, J., concurs.

SULLIVAN, J., concurs in part and dissents in part and files separate opinion.

SULLIVAN, Judge, dissenting in part and concurring in part.

Although I concur as to Parts I and II, I dissent as to Parts III and IV.

Stewart correctly argues that the trial court failed to properly instruct the jury concerning the State's burden to prove specific intent to commit murder as an essential element of attempted murder. Failure to instruct the jury on this element is fundamental error. *Smith v. State* (1984) Ind., 459 N.E.2d 355.[1] The issue therefore need not be couched in terms of ineffective assistance of trial and appellate counsel to merit review on appeal. *Propes, supra,* 550 N.E.2d 755.

The following instruction was read to the jury in this case concerning the elements of attempted murder:

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the some class as the crime attempted. However, an attempt to commit murder is a Class A felony.

To convict the defendant the State must have proved each of the following elements:

The defendant

1. did knowingly

2. engage in conduct to wit: attempt to commit the crime of Murder by attempting to kill

3. another human being

4. that the conduct was a substantial step toward the commission of the crime of murder." Record at 108.

Stewart argues that the instruction given was inadequate under *Smith, supra,* 459 N.E.2d 355, and *Abdul–Wadood v. State* (1988) Ind., 521 N.E.2d 1299. I agree. In *Smith,* our Supreme Court noted the two essential elements of attempted murder:

"First, the defendant must have been acting with a specific intent to commit the crime, and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime." 459 N.E.2d at 357, *quoting Zickfoose v. State* (1979) 270 Ind. 618, 622, 388 N.E.2d 507, 510.

The court in *Smith* found that none of the instructions given informed the jury that, in order for the defendant to be found guilty of attempted murder, "there must first be a finding that when he engaged in the conduct proscribed, he intended to kill [the victim]." 459 N.E.2d at 358. The court stated:

"An instruction which correctly sets forth the elements of attempted murder requires an explanation that the act must have been done with the specific intent to kill." *Id.* at 358.

Most interestingly, the majority in *Smith,* held that the conviction was not saved by an instruction reciting the charge and specifically including the assertion that defendant's conduct was "with the intent to kill". 459 N.E.2d at 362 (Pivarnik, J. dissenting).

Our Supreme Court recently followed the *Smith* holding in *Abdul–Wadood, supra.* In that case, even though the attempted murder instruction advised that defen-

---

**1.** With more than a slight degree of merit, the majority here indicates a view that the doctrine of "fundamental error" has been expanded in some respects so as to reverse convictions which should be affirmed. *See Owens v. State* (1986) 2nd Dist., Ind.App., 500 N.E.2d 756 (mere characterization by appellant of error as fundamental, does not trigger automatic review and rever-

sal). Be that as it may, the error here has been clearly categorized by our Supreme Court as "fundamental" in the sense of requiring reversal. *Jackson v. State* (1989) Ind., 544 N.E.2d 853; *Abdul–Wadood v. State* (1988) Ind., 521 N.E.2d 1299; *Smith v. State* (1984) Ind., 459 N.E.2d 355.

dant's conduct must be "knowing," it was held defective for failing "to inform the jury that the substantial step toward the crime of murder must have been accompanied by the state of mind which is required for the crime of murder." 521 N.E.2d at 1300.

The instruction given in the present case also failed to inform the jury that, to convict the defendant of attempted murder, they must find that the defendant engaged in the conduct proscribed with the intent to kill the victim. The instruction did inform the jury that the State must prove that the defendant "(1) did knowingly (2) engage in conduct to wit: attempt to commit the crime of Murder by attempting to kill." However, our Supreme Court recently held that the language "knowingly attempted to kill" was insufficient to inform the jury of the specific intent element of attempted murder. *Jackson v. State* (1989) Ind., 544 N.E.2d 853, 854. The present instruction necessarily focuses solely upon "knowing" conduct because it makes no reference to "intentional" conduct. Moreover, the jury was never instructed upon the definition of murder.

Most recently on February 20, 1991, this District in *Hall v. State*, (1991) Ind.App., 566 N.E.2d 1072, written by Judge Buchanan, joined by Judges Staton and Sullivan, reversed an attempted murder conviction upon grounds that the instructions "failed to inform the jury that a specific intent to commit the crime of murder is an essential element of the crime of attempted murder." At 1074. The instructions in *Hall*, defined attempted murder and advised that in order to sustain the charge, the State was required to prove that "the defendant performed an act which constituted a substantial step toward the commission of the crime of murder and second, that the defendant did so knowingly or intentionally". At 1075.

Previously, in *Terry v. State* (1990) 3rd Dist., Ind App., 563 N.E.2d 1301, the same three judges decided a similar case. The majority, however, reached an opposite conclusion. In Judge Staton's opinion, joined by Judge Buchanan, the following two instructions were considered:

"Court's Instruction No. 4

This is a criminal case brought by the State of Indiana against the defendant, James B. Terry. The case was commenced when an information was filed charging the defendant with the crime of attempted murder. That information, omitting the formal parts, reads as follows: 'On or about the 2nd day of May, 1981, in Tippecanoe County, State of Indiana, James B. Terry did attempt to commit the crime of murder by knowingly and intentionally stabbing and cutting Ferris Orange, Jr., about the head and chest, with a knife, causing serious bodily injury to Ferris Orange, Jr., which conduct constituted a substantial step towards the commission of the crime of murder; all of which is contrary to the form of the statutes in such cases made and provided, to-wit: Indiana Code 35–41–5–1 and 35–42–1–1, and against the peace and dignity of the State of Indiana.'

Court's Instruction No. 5

The defendant has entered a plea of not guilty and the burden rests upon the State of Indiana to prove to each of you, beyond a reasonable doubt, every essential element of the crime charged.

The charge which has been filed is the formal method of bringing the defendant to trial.

The fact that a charge has been filed, the defendant arrested and brought to trial is not to be considered by you as any evidence of guilt." Slip opinion at 5.

The court held that Instruction 5 was a correct statement of the law and that Instruction 4 merely purported to recite the terms of the charging information and did not seek to instruct the jury upon the applicable law. The court also observed that the crime of murder was correctly defined for the jury as was the crime of attempt. Notwithstanding *Abdul–Wadood, supra*, the court held that these instructions did correctly apprise the jury that a specific intent to kill was required for conviction.

The majority opinion in the case before us is consistent with *Terry*, but in my view is wholly inconsistent with *Jackson*, *Abdul–Wadood*, *Smith*, and *Hall*.

The majority opinion here, seeks to distinguish *Jackson*, upon grounds that in *Jackson*, the instructions did not advise that the conduct constituted a substantial step toward the killing of the victim. I believe this approach misinterprets the holding of *Jackson*. In considering the deficiencies of the instructions, the *Jackson* court held that the particular instruction under scrutiny "does not inform the jury of the elements of attempted murder, namely that defendant *with intent to kill* Allen Smet, took a substantial step to accomplish that end." (Emphasis supplied.) 544 N.E.2d at 854. The importance of the emphasized portion of the statement is readily seen when one observes that the statement clearly made in the context of the Supreme Court's holding that:

> "This instruction fails to meet the requirements of *Smith* [*v. State, supra,* 459 N.E.2d 355] or *Santana* [*v. State* (1986) Ind., 486 N.E.2d 1010]." 544 N.E.2d at 854.

In *Smith*, supra, the deficiency was not that the jury was not informed that defendant took a substantial step toward the commission of murder, but rather that they were not informed that the substantial step must be taken with the intent to kill. Conversely, the instruction in *Santana*, supra, was approved because it did inform the jury that defendant must have the specific intent to kill and in addition thereto took a substantial step to accomplish that result.

In the case before us, the jury was not told that defendant must, at the time he engaged in a substantial step toward accomplishing the murder of the victim, have had the specific intent to kill. The instruction in this case runs afoul of *Jackson*, and *Smith* and does not contain the saving advisements present in *Santana*.

Under *Smith*, *Abdul–Wadood* and *Jackson*, the instructions were fundamentally defective and the error requires reversal.

With respect to the sentences imposed, it is my view that the court erred in its utilization of purported aggravating factors. The trial court found two of them: that a reduced sentence would depreciate the seriousness of the crime, and that Stewart was in need of correctional and rehabilitative treatment. At the time of Stewart's sentencing, both of these considerations were enumerated in the statute setting forth factors which the court, in its discretion, might consider as aggravating circumstances. I.C. 35–50–1A–7 (Burns Code Ed. Repl.1979). However, in *Evans v. State* (1986) Ind., 497 N.E.2d 919, 923, our Supreme Court indicated that a consideration that a reduced sentence would depreciate the seriousness of the crime "appears to be applicable only when the trial court is considering the imposition of a reduced sentence." Moreover, the sentencing court in this case failed to indicate in any way how or why Stewart was in need of correctional and rehabilitative treatment. A mere recitation of the statutory factors is insufficient to support an enhanced sentence. *Erby v. State* (1987) Ind., 511 N.E.2d 302. The trial court is required to specify the underlying facts which support a finding that aggravating or mitigating circumstances exist. *St. John v. State* (1988) Ind., 523 N.E.2d 1353.

In *Beasley v. State* (1983) Ind., 445 N.E.2d 1372, our Supreme Court found that the failure to specify any aggravating factors was not fundamental error where the sentence did not exceed that allowed by statute, was not manifestly unreasonable, and the facts of the case were such that the sentencing court could easily have given a sufficient statement of the aggravating factors supporting an enhanced sentence, but merely neglected to do so. The court reasoned that the record clearly supported the existence of aggravating factors and therefore defense counsel may have abandoned an issue which would not have resulted in relief to the defendant. However, in the present case, the record does not so clearly support the existence of aggravating factors as to make specification unnecessary.

Perhaps the majority is correct that the error which I perceive does not rise to the

level of fundamental error. However, because I would reverse Stewart's conviction for attempted murder, his sentence would necessarily be revised in accordance with a new trial upon that charge. In such circumstance, it would not be an imposition upon the judicial machinery to require the court to make a sufficient statement of aggravating and mitigating factors, if any. I believe that the *Beasley* rationale is not applicable to the present case. Under the scenario called for by my vote, the court should reconsider Stewart's sentences upon all convictions and provide a sufficient statement of aggravating and mitigating circumstances if the court were to decide to impose sentences other than presumptive sentences or to order the sentences to be served consecutively.

The denial of Stewart's Petition for Post-Conviction Relief should be affirmed with respect to his convictions for robbery and criminal confinement. The denial of the Petition for Post-Conviction Relief should be reversed as to the conviction for attempted murder, and the cause should be remanded with instructions to grant relief as to that count and to permit a new trial upon that charge. I would further order the court to reconsider the sentences on the robbery and criminal confinement in light of the outcome of a retrial, if any, upon the attempted murder charge, and in light of its obligation to state with some degree of specificity its reasons for enhancing a sentence or imposing consecutive sentences.