114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James MEARS, Petitioner-Appellant,
v.
Craig A. HANKS and Jeffrey A. Modisett, Indiana Attorney
General, Respondents-Appellees.*
 No. 96-1959.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.**
Decided May 15, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury in Marion County Superior Court found James Mears guilty of aggravated battery and of being an habitual offender. The judge sentenced Mears in February 1995 to sixteen years in prison. In August 1995, Mears filed a habeas petition in federal district court (28 U.S.C. § 2254), claiming denial of his rights to assistance of appellate counsel and to a direct appeal. In September 1995, the petition was dismissed without prejudice for failure to exhaust state remedies. He then filed another habeas petition in February 1996, alleging ineffective assistance of trial counsel, actual innocence, denial of an impartial judge at trial, and prosecutorial misconduct. He also again alleged that he had been denied a direct appeal. The district court dismissed the petition for failure to exhaust state remedies. Mears appeals, and we affirm.
 
 
 2
 Mears's first claim is that he was denied the right to counsel for a direct appeal. His petition simply stated that he "has been denied a direct appeal by no pauper attorney being appointed or making an appearance," that the trial judge has deprived him of "a direct appeal by refusing to insure [sic] that a pauper appeal attorney was promptly appointed," and that he "was called back to trial court on 9-18-95, but continues to be denied a direct appeal in violation of due process of law." His appellate brief provides a more detailed version of these allegations.
 
 
 3
 Mears states in his brief that he requested an appeal of his convictions, and that the trial judge found him to be indigent. On April 25 and May 23, 1995, he sent letters to the trial judge, informing her that no appellate counsel had been in contact with him about perfecting an appeal. He also sent a letter on May 1, 1995, to the Public Defender of Indiana, requesting her assistance in a direct appeal. The Public Defender wrote back on May 10, stating that her office could not be of assistance unless the trial court ordered it to assist Mears.
 
 
 4
 Mears's next action apparently was to file his first habeas petition in August 1995; the petition was dismissed without prejudice on September 8, 1995. The next day, he received a letter from an attorney named Nancy Broyles, stating that she had talked to the trial judge and that she intended to file a belated motion to correct error. Although Broyles failed to appear on Mears's behalf, the trial court granted Mears permission to file a belated motion to correct error (Indiana Rules of Procedure for Post-Conviction Remedies 2(2)). Attorney Richard Gilroy entered his appearance for Mears in the post-conviction proceeding in October 1995, but failed to perfect the belated motion to correct error.
 
 
 5
 Mears filed the instant habeas petition in federal district court in February 1996; the petition was dismissed in the same month. In May 1996, he filed a petition for a writ of mandate with the state Supreme Court alleging that Gilroy had failed to perfect his belated motion to correct error. The court dismissed this petition as inappropriate. Finally, at a hearing scheduled on September 4, 1996, in Marion County Superior Court, Gilroy again failed to appear.
 
 
 6
 In sum, according to Mears's allegations, he initially lacked any appellate attorney of which he was aware, and then had two attorneys who did nothing to represent him. These allegations are consistent with the statements in his petition that he "has been denied a direct appeal by no pauper attorney being appointed or making an appearance."
 
 
 7
 On the basis of these allegations, this court must conclude, as the district court did, that Mears still has remedies available to him in the state courts. In Indiana, claims of ineffective assistance of counsel (or this case, non-assistance of counsel) on direct appeal may be raised by petition for post-conviction relief. See Ingram v. State, 508 N.E.2d 805, 808 (Ind.1987); cf. Gentry v. Duckworth, 65 F.3d 555, 559 (7th Cir.1995) (citing Bailey v. State, 472 N.E.2d 1260, 1263 (Ind.1985)). One might suppose that Mears lost his opportunity to argue that he was denied his right to appellate counsel when the attorneys eventually appointed for him failed to pursue the belated motion to correct error. It is unsettled whether the Indiana courts treat a belated motion to correct error as a kind of petition for post-conviction relief for which there would be no right to effective assistance of counsel. Compare Smith v. State, 559 N.E.2d 338, 343 (Ind.Ct.App.1990) with Stewart v. State, 567 N.E.2d 171, 173 n. 1 (Ind.Ct.App.1991). However, the answer to this question makes no difference in Mears's case. Even if Mears's belated motion to correct error were treated as a "post-conviction petition" for purposes of an ineffective assistance claim, it seems clear that the Indiana courts would allow him to file a post-conviction petition alleging that counsel did not even appear and represent him on the prior "post-conviction petition." See Waters v. State, 574 N.E.2d 911 (Ind.1991); Baum v. State, 533 N.E.2d 1200, 1201 (Ind.1989). Thus Mears has not exhausted his remedies in the state courts.
 
 
 8
 The second issue proffered by Mears is whether his non-exhaustion of state remedies might be deemed excused by his assertions of actual innocence. Even assuming that we could address this issue now, the record before us is too sparse and Mears's brief too conclusory to permit definitive evaluation.
 
 
 9
 For the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 *
 Mears is currently confined at the Wabash Valley Correctional Institute, whose superintendent is Craig A. Hanks; accordingly Hanks is substituted for Al C. Parke as a party pursuant to Fed.R.App.P. 43(c)(1). Also, Jeffrey A. Modisett has replaced Pamela Carter as Indiana's Attorney General, and is likewise substituted as a party. However, "[a] state's attorney general is a proper [respondent in a collateral attack] only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.1996). Because Mears is in prison, the superintendent (Hanks) is the only proper respondent, and the Attorney General (Modisett) must be dismissed as a party. Id
 
 
 **
 The appellees have received an order of non-involvement in this appeal and accordingly have not submitted an appellate brief. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)