Terry Lee MILLS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48S00–8703–CR–283.

Supreme Court of Indiana.

April 10, 1989.

Theodore F. Smith, Jr., Smith and Farrell, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, William F. Lawler, Jr., Pros. Atty., Madison County Government Center, Anderson, for appellee.

DICKSON, Justice.

Terry Lee Mills entered pleas of guilty to class A rape, class A criminal deviate conduct, class B criminal confinement, and class B robbery. The court accepted the pleas, entered judgment of conviction on each, imposed the maximum sentences allowable for the first three felonies, and ordered that they be served consecutively for a total of 120 years.

In this direct appeal, the defendant presents a single issue: whether the consecutive sentences of 50 years for rape, 50 years for criminal deviate conduct and 20 years for criminal confinement are manifestly unreasonable in light of the nature of his offenses and his character. He argues that the aggregate sentence of 120 years exceeds the sentence for similar offenses found to be manifestly unreasonable in *Fointno v. State* (1986), Ind., 487 N.E.2d 140.

The offenses for which the defendant was sentenced occurred on June 10, 1986. At about 5:00 p.m. that evening, the defendant pulled his vehicle alongside the eighteen-year old female victim, pointed a sawed-off shotgun at her, and ordered her into his car. While stopped for a traffic light, the defendant looked through the victim's purse, handcuffed her hands behind her legs, and thereafter drove to a secluded

area. At this point, the defendant uncuffed his victim, lead her down a path and ordered her to perform oral sex. She complied. The defendant then unbuttoned her clothes, ordered her to lay down, and raped her. After leaving her naked, handcuffed to a tree, the defendant returned a couple of minutes later, uncuffed her, walked with her to retrieve her clothes, and drove her back to the shopping center parking lot where he had first accosted her.

Ind. Code § 35–38–1–3 requires that if the trial court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: a) identification of all significant mitigating and aggravating circumstances found, b) specific facts and reasons which lead the court to find the existence of each such circumstance, and c) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), 493 N.E.2d 1250; *Jones v. State* (1984), Ind., 467 N.E.2d 681. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. The trial court should not simply repeat statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519; *Page v. State* (1981), Ind., 424 N.E.2d 1021; *on remand* (1982), 442 N.E.2d 977.

While there is no duty on the trial court to make an affirmative finding expressly negating each potentially mitigating circumstance, *Stout v. State* (1988), Ind., 528 N.E.2d 476; *Stark v. State* (1986), Ind., 489 N.E.2d 43, the failure to find mitigating circumstances when clearly supported by the record may imply they were overlooked and not properly considered, *Jones*, 467 N.E.2d 681.

If otherwise adequate and complete, the sentencing statement need not be set out in a separate order book entry except in death penalty cases, but may be provided in the transcript of the sentencing hearing. *Hill v. State* (1986), Ind., 499 N.E.2d 1103.

■ The record discloses that the trial court made an extensive statement at the conclusion of the sentencing hearing. In his discussion of aggravating circumstances, he found that the defendant "is a risk and that he will commit another crime"; "that the offense was horrible, heinous, unjustified, and outrageous"; that his prior criminal record, consisting of three robberies, an escape, criminal conversion, and resisting law enforcement "does seem to be a pattern of steadily escalating offenses"; that the defendant had recently violated a condition of both probation and parole; that the defendant is in need of correctional treatment; that a reduced sentence or suspension of the sentence would depreciate the seriousness of the crime; and that the defendant unlawfully possessed a shotgun with a barrel of length less than 18 inches.

In its discussion of mitigating circumstances, the trial court expressly noted and evaluated each statutory mitigator, finding none to exist. In the absence of mitigating circumstances, a trial court need not articulate his evaluation and balancing of mitigating and aggravating circumstances.

■ Included within his argument that the sentence was manifestly unreasonable, the defendant contends that the trial court erroneously considered a victim impact statement and the defendant's use of a sawed-off shotgun. While *Booth v. Maryland* (1987), 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440, held that it was constitutionally impermissible to allow a sentencing jury in a capital punishment case to consider a victim impact statement, the decision does not apply to forbid such consideration by a trial judge in a non-capital case.

■ To support his argument that the trial court impermissibly considered the use of a sawed-off shotgun as an aggravating circumstance, the defendant notes that the use of a deadly weapon was a material element of the charged offenses of rape and criminal deviate conduct. In *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1201, we stated:

The mere fact which comprises a material element of a crime may not also constitute an aggravating circumstance to sup-

port an enhanced sentence, *but the particularized individual circumstances may constitute a separate aggravating circumstance.* (emphasis added)

The trial court here found a separate aggravating circumstance not from the defendant's mere use of a deadly weapon, but because such weapon was an illegal sawed-off shotgun. It was not error to consider this particularized circumstance as a separate aggravating factor.

In *Fointno,* the trial court imposed an aggregate sentence of 104 years upon convictions of class A felony rape, three counts of class A felony criminal deviate conduct, two counts of class B confinement, one count each of class B robbery and class D intimidation. 487 N.E.2d at 141. On appeal, this Court found the sentence manifestly unreasonable and reduced it to 80 years, noting that the defendant lacked a prior criminal record; that he had served for ten years as a city fireman; and that he did not beat, wound or otherwise severely brutalize the victims except as is inherent in the commission of the crimes. *Id.* at 148-49.

An appellate sentence reduction for similar criminal offenses also occurred in *Kubiak v. State* (1987), Ind.App., 508 N.E.2d 559. Upon his pleas of guilty the defendant there received an aggregate sentence of 100 years upon conviction of class A kidnapping, class A rape, class A criminal deviate conduct, and class B robbery. *Id.* at 560. The Court of Appeals evaluated this sentence in comparison with the facts and reasoning of *Fointno,* and ordered the robbery sentence to be served concurrently, but affirmed the remaining 90 year sentence in view of the defendant's prior convictions for traffic offenses, disorderly conduct, battery, and failure to appear. *Id.* at 566-67.

We do not find the present facts sufficiently analagous to those in *Fointno* or *Kubiak* to conclude that the sentence was manifestly unreasonable. While the defendant urges the absence of resulting collateral brutality, we decline to attribute this to the defendant rather than to his victim's cautious judgment when facing an attacker

armed with a weapon designed for devastating personal violence. In addition, the defendant here had a criminal record of increasing severity and was on probation and parole from two different states when he committed the present offenses.

We find that the trial court did not impose a manifestly unreasonable sentence. Appellate Review of Sentences, Rule 2. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.