Christopher ALLEN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8807–CR–00619.

Supreme Court of Indiana.

July 24, 1991.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Christopher Allen was tried before a jury and convicted of attempted

murder, a class A felony, Ind.Code §§ 35–41–5–1, 35–42–1–1 (West 1986), and attempted robbery, a class B felony, Ind.Code §§ 35–41–5–1, 35–42–5–1 (West 1986). The trial court sentenced him to thirty years for attempted murder and twenty years for attempted robbery, ordering the sentences served consecutively. We affirm the convictions but correct the sentence.

The evidence favorable to the jury's verdict showed that late on the evening of November 8, 1985, Johnny Wilson and his girlfriend Cheryl Wilhite were driving through a neighborhood in Indianapolis looking for the opportunity to buy marijuana. Wilson saw two men standing near 21st Street and College Avenue. Wilson and the men exchanged signals indicating the possibility of a marijuana sale, and Wilson pulled the car over.

One of the men, later identified as appellant Christopher Allen, asked wilson whether he wanted a "nickel" or a "dime," a request to know the amount of marijuana Wilson wanted to buy. Wilson responded that he wanted a "nickel." Allen made two trips to a nearby house while the other man, later identified as Kerry Samuel Huff, remained near Wilson's automobile. After returning from the house each time, Allen again asked Wilson how much marijuana he wanted. Finally, Allen pulled out a gun, put it to Wilson's head, and said, "here's your nickel." Allen demanded that Wilson "put your hands up, turn the car off and you get out of the car." Instead, Wilson pressed down on the accelerator and sped off. Allen fired three shots in the direction of Wilson's car; two of these entered through rear windows of the vehicle but did not hit the occupants.

### I. Sufficiency of the Evidence

█ Allen contends that the evidence was insufficient to support the verdict of the jury. In reviewing such claims, we neither weigh the evidence nor judge the credibility of the witnesses. We consider only that evidence favorable to the jury's verdict, together with all reasonable inferences that can be drawn from it. If there is substantial evidence of probative value to support the conclusion of the jury, we will affirm their determination. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

█ Allen's central contention is that there was inadequate proof that he was the perpetrator of the crimes. He notes that Huff testified that Allen was not the perpetrator. He also cites the fact that Cheryl Wilhite identified someone else during a line-up. The jury chose to believe Wilson, who identified Allen in a photographic array, during a line-up, and in court. Wilson spoke with Allen four or five times at close range during the attempted sale and asserted at trial that he could see Allen clearly during the transaction. The jury was entitled to credit this testimony.

█ Allen also contends that firing shots at the car did not constitute sufficient evidence of an attempt to murder. The intent to commit murder, however, may be inferred from the deliberate use of a deadly weapon in a manner reasonably likely to cause death or great bodily harm. *Spivey v. State* (1982), Ind., 436 N.E.2d 61. Allen managed to place two shots through the windows of a speeding car late at night. This was serious shooting, and the jury was entitled to conclude that this was evidence of intent to kill.

### II. Instruction on Attempted Murder

█ Allen asserts that the trial court erred by failing to instruct the jury properly on the elements of attempted murder. He sees fundamental error in this instruction about the elements of attempted murder:

"An attempt to commit murder is a Class A felony. To convict the defendant the State must have proved each of the following elements:

The defendant

1. did knowingly

2. engaged in conduct, to-wit: attempted to commit the crime of murder by attempting to kill by engaging in conduct, to-wit: firing a handgun at and toward

3. another human being, Johnny Wilson,

4. while committing or attempting to commit another crime, robbery

5. that the conduct was a substantial step toward the commission of the crime of murder."

Had appellant objected to this instruction at trial, giving it would have been error because it does not inform the jury that the State must prove the defendant acted with intent to kill. For reasons described today in *Jackson v. State* (1991), Ind., 575 N.E.2d 617, however, we conclude that the instruction sufficiently conveyed the state's burden to prove intent to kill such that giving it was not fundamental error. *See also* *Spradlin v. State* (1991), Ind., 569 N.E.2d 948.

### III. Error in Sentencing

In sentencing Allen on the two convictions, the trial court said: "Show the Court does determine Defendant shall receive stated term or penalty of thirty (30) years on the Class A Felony and twenty (20) years on the Class B Robbery. Court does determine that there are aggravating factors to warrant the consecutive sentencing on the presumptive sentences." Record at 386.

Allen correctly notes that the court appeared to order the presumptive sentence on each conviction, with the sentences to be served consecutively. We think a fair reading of the trial court's sentencing statement is that the court determined there were sufficient aggravators to justify consecutive sentences but intended that those sentences be the standard term. The standard term for robbery as a class B felony is ten years. Ind.Code § 35-50-2-5 (West 1986).

Accordingly, we affirm the convictions and remand this cause to the trial court with directions to impose the standard term for attempted robbery.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result.