Clinton H. PIERCE, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 79A02–9011–CR–674.

Court of Appeals of Indiana, Second District.

Oct. 16, 1991.

---

Marianne Woolbert, Woolbert & Woolbert, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. and Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

ON REHEARING

BUCHANAN, Judge.

In our original memorandum decision, 576 N.E.2d 647, we reversed appellant-defendant Clinton Pierce's (Pierce) conviction for attempted murder,[1] determining, sua sponte, that the jury was not properly instructed as to the elements of attempted murder. The State petitions for rehearing and asserts that recent Indiana Supreme Court decisions obviate the need for the reversal of Pierce's conviction. So we address the State's petition to distinguish the recent Supreme Court opinions.

The facts giving rise to Pierce's attempted murder conviction reveal that on January 6, 1990, Pierce and the victim were arguing in a tavern. The owners of the bar separated the two and Pierce sat quietly for a time at one end of the bar. Pierce started to leave the tavern and told the victim and her companion that he was go-

ing to get a gun and that he would come back and shoot them both.

Pierce later returned, patted his pocket and said "I have it here." *Record* at 276. Pierce made comments to some of his acquaintances at the bar that he wanted "back up" and that "somebody was gonna die." *Record* at 395, 397. When Pierce returned to the bar, the owners instructed him not to cause trouble and he agreed. Pierce sat quietly at the end of the bar.

Pierce then left his seat, went over to the victim and her friend and asked "[w]hich one of you two bitches want it first?" *Record* at 304, 378. The victim replied: "Well, I've never been first in nothing. I go first." *Record* at 278, 305. Pierce then produced his pistol and shot the victim in the side. Pierce turned to the victim's friend and said: "You're next. Where do you want it?" *Record* at 278. The bartender then demanded the gun and Pierce gave him the weapon. The police arrived and Pierce made an incriminating statement. After a jury trial, Pierce was convicted of attempted murder and sentenced to a twenty-year term of imprisonment.

Pierce's attempted murder conviction was reversed because the trial court failed to instruct the jury that "the State must prove beyond a reasonable doubt that the defendant, with the intent to kill the victim, engaged in conduct which was a substantial step toward such killing." *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 950. We relied on the Supreme Court's determination that such a failure constituted fundamental reversible error. *See Spradlin, supra; Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299; *Smith v. State* (1984), Ind., 459 N.E.2d 355.

In two recent decisions with almost identical factual and legal issues, the Supreme Court modified the fundamental error rule enunciated in *Spradlin, Abdul–Wadood,* and *Smith.* In *Jackson v. State* (1991), Ind., 575 N.E.2d 617, and *Allen v. State* (1991), Ind., 575 N.E.2d 615, the Supreme Court concluded that the failure to properly instruct the jury as to the specific "intent to kill" element of attempted murder is not *necessarily* fundamental reversible error.

1. Ind.Code 35–41–5–1 and Ind.Code 35–42–1–1.

In both *Jackson* and *Allen*, the Supreme Court focused on two factors. First, in each case, the instructions to the jury included, as an element that the State must prove, that the defendant "attempt[ed] to commit the crime of murder *by attempting to kill* " the victim. *Jackson, supra* at 620; *Allen, supra* at 616 (emphasis supplied). The Supreme Court determined that, while the element of "intent to kill" was lacking in the instruction, the instruction was sufficient to convey the State's burden to prove intent to kill such that giving the instruction was not fundamental error.

The other factor on which the Supreme Court focused is that in each case the defendant's intent was not an issue, but rather the issue at the center of each trial was the identity of the perpetrator of the crimes. The Supreme Court's holding that the instructions did not constitute fundamental error was grounded solely on those two factors.

In sharp contrast to the facts considered by the Supreme Court, the instructions given to Pierce's jury did not contain the additional "by attempting to kill" language found in both *Jackson* and *Allen*. Rather, the trial court merely instructed the jury as to the elements of attempt and the elements of murder. *Record* at 85, 86. Further, Pierce's intent was the primary issue at his trial. Pierce argued that he was too intoxicated to form the requisite intent. Therefore, because none of the factors relied upon by the Supreme Court in *Jackson* and *Allen* are present here, our original decision is still mandated by *Spradlin, Abdul–Wadood* and *Smith*.

Despite the State's argument to the contrary, we do not read the Supreme Court's decisions in *Jackson* and *Allen* as overruling *Spradlin, Abdul–Wadood,* and *Smith.* It would appear the Supreme Court was only modifying its previous rule concerning fundamental error in attempted murder instructions in *Jackson* and *Allen*. So we deny the State's petition for rehearing.

CHEZEM, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

While I concur in the majority's opinion upon rehearing to the effect that it denies the Petition for Rehearing, I nevertheless must disagree with its analysis of *Jackson v. State* (1991) Ind., 575 N.E.2d 617, and *Allen v. State* (1991) Ind., 575 N.E.2d 615. To be sure, there is language in those cases which carries an implication that no error at all was occasioned by the giving of the instructions there involved, because the instruction given "sufficiently conveyed the state's burden to prove intent to kill." *Allen, supra,* 575 N.E.2d at 617. Notwithstanding such language, the court in *Allen* and in *Jackson* nevertheless clearly held that it was error to give the instruction but it was not such fundamental error as to require reversal absent an objection.

It is possible that the import of both the *Jackson* and *Allen* cases are that *Spradlin v. State* (1991) Ind., 569 N.E.2d 948, *Abdul–Wadood v. State* (1988) Ind., 521 N.E.2d 1299, and *Smith v. State* (1984) Ind., 459 N.E.2d 355, are to be given prospective application only and that the more recent cases provide a cautionary directive to trial courts to give appropriate "with intent to kill" instructions in attempted murder cases.

I, otherwise, fully concur in the Opinion upon Rehearing.