Jerome BARKER, Appellant–
Petitioner Below,

v.

STATE of Indiana, Appellee–
Respondent Below.

No. 49A02–9305–PC–203.

Court of Appeals of Indiana,
Third District.

Nov. 15, 1993.

Susan K. Carpenter, Public Defender, Cynthia Maricle Russell, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

STATON, Judge.

Jerome Barker appeals the denial of his petition for post-conviction relief. He raises six issues for our review, which we consolidate into five and restate as follows:

I. Whether Barker's convictions and sentences constituted double jeopardy.

II. Whether Barker's guilty pleas were entered knowingly, intelligently, and voluntarily.

III. Whether Barker's sentences are excessive.

IV. Whether the trial court erred in ordering that Barker's sentences be served consecutively.

V. Whether Barker was denied the effective assistance of counsel.

We affirm in part and remand.

The facts most favorable to the convictions reveal that on the afternoon of July 30, 1981, Barker approached the victim, D.F., outside her home with a knife in his hand. Barker demanded that D.F. give him her money and then followed her into her house. After she gave him some money, he took her into the kitchen where he forced her to perform fellatio. He then raped her. After walking with D.F. through the rest of the house, he again raped her and then forcibly engaged in anal intercourse. This last act of violence was interrupted when police officers arrived. The officers apprehended Barker as he attempted to escape.

Barker was charged with rape, a class A felony;[1] criminal deviate conduct, a class A felony;[2] and robbery, a class B felony.[3] He was later charged with burglary, a class B felony,[4] for an unrelated incident. Barker pled guilty to all of these charges without the benefit of a plea agreement. Following a guilty plea hearing and sentencing hearing, Barker was sentenced to fifty (50) years for rape, fifty (50) years for criminal deviate conduct, twenty (20) years for robbery and ten (10) years for burglary. The court ordered all sentences to run consecutively for a total of 130 years.

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to

---

1. IND.CODE 35–42–4–1 (Supp.1992).

2. IND.CODE 35–42–4–2 (1988).

3. IND.CODE 35–42–5–1 (1988).

4. IND.CODE 35–43–2–1 (1988).

succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

## I.

### Double Jeopardy

■ First, Barker argues he was subjected to double jeopardy when the sentencing court enhanced the level of the rape, criminal deviate conduct and robbery felonies on the basis that he was armed.[5] In *White v. State* (1989), Ind.App., 544 N.E.2d 569, *trans. denied,* this court rejected the same argument made by a defendant who was convicted of confinement while armed, rape while armed and criminal deviate conduct while armed, stating:

> The element causing the elevation of White's offenses was not the act of harming someone. It was the threat of harm from a deadly weapon. That threat occurred during each of the offenses for which White was convicted and as such was properly punishable. The threats from the weapon were as distinct as if he had robbed a grocery in the morning, raped a victim in the afternoon, and abducted a child in the evening, using the same shotgun to threaten each separate victim.

*Id.* at 570. Applying the reasoning from *White, supra,* we conclude that Barker's convictions and sentences do not subject him to double jeopardy.

## II.

### Guilty Plea

■ Next, Barker contends his guilty plea was not knowingly, intelligently and voluntarily entered because it was motivated by the threat of being convicted of three charges which were all enhanced by the use of a deadly weapon. Barker argues this threat was illusory because to enhance each of these convictions constituted double jeopardy. As discussed *supra,* the enhancement of multiple felony charges, based on separate and distinct threats with a deadly weapon, does not violate the prohibition against double jeopardy. Thus, Barker's claim that the threats were improper is without merit.

## III.

### Excessive Sentence

Barker argues the trial court's enhancement of the presumptive sentences for the rape, criminal deviate conduct and robbery convictions is excessive. Specifically, he contends the trial court failed to consider as mitigating factors the fact that Barker was only sixteen years old when the crimes were committed, and that his prior criminal record was as a juvenile.

■ The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. Mitigating factors are not a mandatory consideration in sentencing. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Id.* at 791. Too, a juvenile record may serve as a basis for establishing that a defendant has a prior criminal history. *Schick v. State* (1991), Ind.App., 570 N.E.2d 918, 925, *trans. denied.*

■ Here, the trial court stated that the following were aggravating factors: Barker had recently violated probation; he had a history of criminal activity even though he was only seventeen years old;[6] he was

---

5. Rape and criminal deviate conduct, class B felonies, are elevated to class A felonies if they are committed while armed with a deadly weapon. IC 35–42–4–1; IC 35–42–4–2. Robbery, a class C felony, is elevated to a class B felony if it is committed while armed with a deadly weapon. IC 35–42–5–1.

6. Barker challenges the sentencing court's consideration of his prior juvenile arrests, arguing that the same cannot be used to establish a criminal history justifying an enhanced sentence. *See Day v. State* (1990), Ind., 560 N.E.2d 641, 643. However, the record in the case at bar is distinguishable from that in *Day, supra,* because it reveals facts about the events for

in need of the type of correctional and rehabilitative treatment available in a penal institution; and any kind of reduced sentence would depreciate the seriousness of the crimes. We conclude that these aggravating factors sufficiently support the enhanced sentences.

■ Barker also argues the 130 year sentence is manifestly unreasonable because he did not inflict bodily injury during the commission of these crimes. Barker cites *Fointno v. State* (1986), Ind., 487 N.E.2d 140, wherein our supreme court held that an aggregate sentence of 104 years for the following convictions was manifestly unreasonable: class A rape, three counts of class A criminal deviate conduct, two counts of class B confinement, class B robbery and class D intimidation. Our supreme court reduced the sentence to 80 years, noting that the defendant lacked a prior criminal record, that he had served ten years as a fireman, and that he did not beat, wound or otherwise severely brutalize the victims except as is inherent in the commission of the crimes. *Id.* at 149.

Barker also cites *Kubiak v. State* (1987), Ind.App., 508 N.E.2d 559 in which the Fourth District concluded that the aggregate sentence of 100 years for class A kidnapping, class A rape, class A criminal deviate conduct and class B robbery, was manifestly unreasonable. The court in *Kubiak* remanded for a reduction of the sentence to 90 years because the defendant did not brutalize the victim except as is inherent in the commission of the crimes.

We do not believe the present facts to be sufficiently analogous to those in *Fointno* and *Kubiak* so as to render Barker's sentence manifestly unreasonable. Rather, we believe that *Mills v. State* (1989), Ind., 536 N.E.2d 290, more closely parallels the present cause. Our supreme court in *Mills* upheld a 120 year aggregate sentence for class A rape, class A criminal deviate conduct and class B criminal confinement despite the absence of resulting brutality from the attack. In holding that the sentence was not manifestly unreasonable, our supreme court opined that the lack of brutality was attributable to the judgment of the victim rather than the defendant, that the defendant had a criminal record of increasing severity and that he was on probation and parole from two different states when he committed the offenses. *Id.* at 292.

Similarly, we decline to attribute the lack of brutality in the present cause to Barker, given that Barker was still victimizing D.F. when the police officers arrived. Too, Barker has a history of criminal activity and he had recently violated the conditions of probation at the time of the sentencing. We conclude that the 130 year sentence was not manifestly unreasonable.

## IV.

### Consecutive Sentences

■ Barker also challenges the court's order that his sentences run consecutively. In sentencing Barker, the court stated "that since he committed these offenses while on probation any sentences he receives will have to be consecutive sentences." Record, p. 197. Barker argues that this statement illustrates the court mistakenly believed it was obligated to order the sentences to run consecutively under IND.CODE 35–50–1–2(b) (1988).[7] The

---

which Barker was arrested, and that several of these arrests resulted in convictions.

7. IC 35–50–1–2(b) states that "[i]f, after being arrested for one crime, a person commits another crime:
  (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
  (2) while the person is released:
    (A) upon the person's own recognizance; or
    (B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."
  Since Barker was on probation when he committed the instant offenses, this provision mandates that the sentence imposed in the present case run consecutively to the remainder of sentence imposed for the probation violation; however, it does not require that the present sentences run consecutively to each other.

State concedes that the mandatory provision of IC 35–50–1–2(b) was misapplied in this case, but argues the aggravating factors discussed above were sufficient to support an order of consecutive sentences under the discretionary provision, IC 35–50–1–2(a).[8]

While we acknowledge that the same reasons may serve to justify both enhanced and consecutive sentences, *Concepcion, supra,* the fact remains that the court appeared to base its order for consecutive sentences on its mistaken interpretation of the statute. Because the mandatory provision is not applicable in this case, we must remand for a specific and individualized statement of whether the facts herein support the imposition of consecutive terms. *See Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 857.

## V.

### *Ineffective Assistance of Counsel*

Lastly, Barker contends he was denied the effective assistance of counsel. He bases his claim on an affidavit from his attorney stating that the attorney did not realize the mandatory consecutive-sentencing provision of IC 35–50–1–2(b) was not applicable to Barker's case, and that the attorney had too many cases to adequately communicate with all of his clients.

■■■■ Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123, *reh. denied* (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Even if deficient performance of counsel can be proven, defendant

must further show a reasonable probability that it altered the outcome of the case. *Id.*

Because we remand this cause for a new sentencing statement as to whether consecutive sentences are appropriate, we need not address Barker's allegation that his counsel's failure to object to this sentencing defect deprived him of his right to the effective assistance of counsel. Beyond this defect in the sentencing, Barker fails to allege how his counsel's performance would have altered the outcome of his case. The record reveals that Barker was advised by his attorney and the court that in the event he pled guilty to all of the offenses with which he was charged, he could receive a maximum sentence of 140 years. Barker also was advised of the constitutional rights he was waiving by pleading guilty, and that his guilty plea constituted a confession as to all of the allegations in the charging informations. Because Barker has failed to meet his burden for post-conviction relief, we find no reversible error here.

The conviction is affirmed and the cause is remanded for a new sentencing hearing consistent with this opinion.

GARRARD and FRIEDLANDER, JJ., concur.

---

**8.** IC 35–50–1–2(a) states that "[e]xcept as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively."