James A. YEAGLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 54A01–9601–PC–22.

Court of Appeals of Indiana.

Aug. 12, 1996.

Susan K. Carpenter, Public Defender of Indiana and John T. Ribble, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana and Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant James A. Yeagley claims that the post-conviction court erred in determining that the trial court properly instructed the jury on the crime of Attempted Voluntary Manslaughter,[1] a Class B felony.

### FACTS

On December 13, 1982, a jury convicted Yeagley of Burglary,[2] a Class A felony, and two counts of attempted voluntary manslaughter, both Class B felonies. The facts, as found by our Supreme Court in its affirmance of Yeagley's convictions in his direct appeal, are as follows:

[On] June 26, 1982, Charles May visited the home of his fiancé (sic), Becky Yeagley, in Ladoga. Becky Yeagley was defendant's ex-wife. Charles May was standing on the front porch when he noticed defendant approaching the house with a shotgun. May ran into the house to warn Becky. Defendant then fired the shotgun through the front door, striking Becky in the shoulder. Becky ran from the house. Defendant entered the house and fired again, this time wounding May in the hip.

1. IND. CODE §§ 35–41–5–1 and 35–42–1–3.

2. IND. CODE § 35–43–2–1.

Defendant fled but surrendered to the police the next day.

*Yeagley v. State,* 467 N.E.2d 730, 733 (Ind. 1984).

On March 2, 1995, Yeagley filed an amended petition for post-conviction relief in which he alleged that the trial court failed to properly instruct the jury that, in order to find him guilty of attempted voluntary manslaughter, the State must prove that he acted with the intent to kill Becky and May. Record at 31. After holding a hearing, on October 19, 1995, the post-conviction court denied Yeagley relief.

### DISCUSSION AND DECISION

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Barker v. State,* 622 N.E.2d 1336, 1337 (Ind. Ct.App.1993), *trans. denied.* To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.* On appeal, we examine only the probative evidence which supports the post-conviction court's judgment, along with any reasonable inferences from that evidence. *Wickliffe v. State,* 523 N.E.2d 1385, 1386 (Ind.1988).

Yeagley contends that the post-conviction court erred in failing to find that the trial court improperly instructed the jury regarding the crime of attempted voluntary manslaughter. Specifically, Yeagley claims that the trial court's instructions failed to advise the jury that in order to convict him of attempted voluntary manslaughter, the State had to prove that he acted with a specific intent to kill. Here, the trial court instructed the jury on the definitions of attempt and voluntary manslaughter as follows:

Instruction No. 5

The statute defining the offense of attempt which was in force at the time of the offense charged reads as follows:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.

Instruction No. 7

The crime of voluntary manslaughter is defined as follows:

A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a Class B Felony.

The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder to voluntary murder.

R. at 851, 871. Further, in its instructions, the trial court read the State's charging information which alleged in pertinent part:

James Yeagley did knowingly engage in conduct that constituted a substantial step toward commission of murder, to-wit: James Yeagley did attempt to kill [Becky] by shooting a shotgun at [her] and causing [her] bodily injury ....

... James Yeagley did knowingly engage in conduct that constituted a substantial step toward commission of murder, to-wit: James Yeagley did attempt to kill [May] by shooting a shotgun at [him] and causing [him] serious bodily injury ....

R. at 850, 26. The trial court did not give a separate instruction on intent to kill.

Initially, we note that Yeagley did not object to these instructions at trial and therefore, has waived this issue for review. However, to avoid waiver he claims that because the instructions failed to require a specific finding of intent to kill they constituted fundamental error. Fundamental error is error that, if not corrected, would deny a defendant fundamental due process. *Faulisi v. State,* 602 N.E.2d 1032, 1038 (Ind.Ct. App.1992), *trans. denied.* Although we find no caselaw addressing whether a specific intent to kill instruction is necessary when a defendant is charged with attempted voluntary manslaughter, in *Abdul–Wadood v. State,* 521 N.E.2d 1299 (Ind.1988), our supreme court found fundamental error where the trial court failed to specifically instruct the jury that intent to kill is a requisite

element of the crime of attempted murder. *See also Smith v. State,* 459 N.E.2d 355 (Ind.1984) (fundamental error occurred where jury not instructed that specific intent to kill is element of attempted murder); *Spradlin v. State,* 569 N.E.2d 948 (Ind.1991) (reversing attempted murder conviction where instruction failed to require that jury find defendants intended to kill victim). Because the elements of attempted murder and attempted voluntary manslaughter are identical,[3] we find the decisions requiring attempted murder instructions to contain the language "intent to kill" applicable to cases involving attempted voluntary manslaughter.

Notwithstanding the cases clearly requiring specific language on intent to kill, the State cites two subsequent cases in which the Supreme Court found an exception to the general rule. *Jackson v. State,* 575 N.E.2d 617 (Ind.1991); *Allen v. State,* 575 N.E.2d 615 (Ind.1991). On the basis of these cases, the State argues that the failure to give a specific intent to kill instruction in the present case did not amount to fundamental error. In both *Jackson* and *Allen,* the Court held that the failure to instruct the jury on the intent to kill element of attempted murder did not necessarily amount to fundamental error. The Supreme Court based it holdings on the existence of two factors. First, in each case, the jury had been given an instruction containing language that in order to convict the defendant of attempted murder, the State must prove that the defendant acted by "attempting to kill" the victim. The Supreme Court determined that, while the element of "intent to kill" was lacking in the instruction, the instruction on attempt to kill was sufficient to convey the State's burden to prove intent to kill such that the instruction was not fundamental error. The second factor in each case was that the defendant's identity, rather than his intent, was the central issue at trial. Thus, in both cases, the Supreme Court affirmed the attempted murder convictions. *Compare Pierce v. State,* 579 N.E.2d 1317, 1319 (Ind.Ct.App.1991), *trans. denied* (finding trial court's failure to

include language of intent to kill in attempted murder instruction constituted fundamental error where the two factors relied upon in *Jackson* and *Allen* were not present).

In the present case, the trial court's instructions did contain the language that Yeagley "attempted to kill" Becky and May. However, unlike in *Jackson* and *Allen,* Yeagley's intent and not his identity, was at issue at trial. Yeagley argued that he did not intend to shoot either Becky or May; rather he intended to shoot the shotgun into the air or at the ceiling in order to scare them. Therefore, because both of the factors relied upon by the Supreme Court in *Jackson* and *Allen* are not present here, we are compelled to find that fundamental error occurred in instructing the jury on the elements of the crime of attempted voluntary manslaughter. *See Clark v. State,* 668 N.E.2d 1206, 1210 n. 3 (Ind. 1996) (distinguishing *Jackson* and finding fundamental error because intent, not identity, was at issue; thus, "attempted to kill" could not substitute for "intended to kill"). As a result, we must vacate Yeagley's convictions for attempted voluntary manslaughter and remand the cause for a new trial on those charges.

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

ROBERTSON and DARDEN, JJ., concur.

---

**3.** The only difference between the two crimes is that voluntary manslaughter requires proof of sudden heat, which is a mitigating factor that reduces what would otherwise be murder to voluntary manslaughter. IND. CODE § 35–42–1–3(b); *Palmer v. State,* 425 N.E.2d 640, 644 (Ind. 1981).