Marcus **PRESTON**, Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 02A05–9401–CR–23.

Court of Appeals of Indiana,
Fifth District.

Dec. 15, 1994.

Richard J. Thonert, Auburn, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

A jury convicted Marcus Preston of dealing in cocaine, a Class B felony, and possession of cocaine, a Class D felony. We reverse his convictions due to an impermissible infringement upon his right to testify in his own defense, as guaranteed by Article I, § 13 of the Indiana Constitution.

### FACTS

Rufus Brown, a police officer with the city of Fort Wayne, testified that he purchased cocaine from Preston. He related that he and an informant named Robert Sanders arrived at 2522 Euclid Avenue in Fort Wayne at approximately 9:00 p.m. on May 1, 1991. When he and Sanders arrived, there was a black male, later identified as Preston, standing in the yard talking on a cordless telephone. Brown and Sanders approached Preston and asked, in street terms, if he had drugs for sale. Brown, Sanders and Preston then went inside the residence. In the living room were an older black female and an older black male. Preston went into the kitchen and returned a few seconds later

with a small plastic bag containing cocaine. Brown paid him twenty dollars and he and Sanders left. After looking through several high school yearbooks, Brown was able to identify Preston as the individual who sold him the cocaine.

On direct examination, Robert Sanders, the informant, testified that on May 1, 1991, he and Brown went to 2522 Euclid and knocked on the door. The door was opened by an individual, other than Preston, who was in his thirties or forties, and then Preston appeared. Preston talked briefly on a cordless phone and then went inside and returned with the cocaine. Sanders saw no one else in the house.

On cross examination, Sanders testified that perhaps the man other than Preston was outside the house when they arrived, or perhaps it was Preston, and that while he did not see a female, he heard a female voice in the house.

Preston testified that he lived at 2522 Euclid with his mother and that on May 1, 1991, he went to school until 2:35 p.m., went home briefly to shower, went to his part time job at Bethlehem Lutheran School from 3:30 p.m. until 5:45 p.m. and then did not return home until 5:00 a.m. the next morning. He testified he was not home between 8:00 p.m. and 10:00 p.m. but did not provide any explanation of his whereabouts.

Preston had filed a notice of alibi stating that at the time of the offense he was at his girlfriend's home located at 3009 Oliver Street in Fort Wayne, Indiana. At trial, the girlfriend, Dora Hill, testified that at the time of the offense she lived at 2008 Carterton Drive. The prosecution objected to Preston providing alibi testimony for an address different from that provided in the notice of alibi. After much discussion, the trial court ruled that Preston's alibi witnesses could not testify and that he could only testify in relation to the places listed in his alibi notice, which limited his testimony as to his whereabouts at the time of the offense to the 3009 Oliver Street address. Preston objected to the trial court's ruling, arguing he had a constitutional right to present a defense and made an offer to prove the precluded testimony.

## REFUSAL OF DEFENDANT'S ALIBI TESTIMONY

In *Baxter v. State* (1988), Ind., 522 N.E.2d 362, *cert. denied,* 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064, our supreme court recognized that the right of a criminal defendant to testify in his own behalf was constitutionally based. *Id.* at 368. While recognizing the constitutional implications of denying a defendant the right to testify, the *Baxter* court went on to hold that a defendant's right to present evidence is not absolute, but must "bow to accommodate other legitimate interests in the criminal trial process." *Id.* The *Baxter* majority held that whether the defendant's right would overcome the State's interest was a fact sensitive inquiry. *Id.*

Justice DeBruler was the lone dissenter, arguing as he did in his concurring opinion in *Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691, that Art. I, § 13 of the Indiana Constitution guarantees a criminal defendant the right to personally testify as to an alibi, regardless of compliance with the pertinent statute.

Later that year, the court again addressed preclusion of alibi testimony in *Harvey v. State* (1989), Ind., 542 N.E.2d 198. Justice Givan authored the unanimous opinion which upheld the exclusion of third party alibi testimony when the defendant had included an incorrect address on his notice of alibi.

The factual situation in *Harvey* was nearly identical to the one here. The defendant had timely filed a notice of alibi, but the address provided therein was for the business office of the construction company through which he was employed. Prior to defendant's alibi witness taking the stand, the State objected to his testimony because it had learned through deposing the witness that he intended to testify defendant was present at a construction site different from the business office at the time of the offense. The trial court refused the proffered alibi testimony and the supreme court upheld the ruling. The opinion did not address the issue of preclusion of the defendant's *own* alibi testimony or the concerns addressed in *Baxter.*

In the case before us, Preston listed an incorrect address for his girlfriend's residence where he claimed to be at the time of the offense. The State objected primarily because the new address was considerably farther from the scene of the crime than the address listed in the notice of alibi. It argued prejudice because it had relied on the proximity of the alibi address to the scene of the crime to counteract the alibi.

The trial court relied on the *Harvey* opinion to preclude all alibi testimony differing from that included in the written notice of alibi. Given the state of the law at the time, the trial judge cannot be faulted for his ruling precluding the alibi testimony.

Preston's trial occurred in March of 1993. In October of 1993, our supreme court embraced the position advocated by Justice De-Bruler in his dissent in *Baxter* and expressly held that exclusion of a defendant's own alibi testimony is an impermissible infringement upon the right of the accused to testify as guaranteed by Art. I, § 13 of the Indiana Constitution. *Campbell v. State* (1993), Ind., 622 N.E.2d 495, 499. In *Campbell*, the defendant filed his notice of alibi two days before his trial was scheduled to begin. The State moved to exclude the alibi defense and witnesses because the notice of alibi was not filed twenty days before the omnibus date, as required by Ind.Code 35–36–4–1. The trial court granted the State's motion and ordered that the defendant would not be permitted to present alibi evidence, either through witnesses or by his own testimony. *Id.* at 497. Our supreme court reversed the conviction in *Campbell*, expressly holding that:

> In light of the strong constitutional bias in favor of permitting such personal testimony of the accused and the available remedy of continuance, the exclusion of a defendant's own alibi testimony is an unjustified and overbroad intrusion upon the right of the accused to testify on his own behalf. Today, we expressly hold that the exclusion of a defendant's own testimony of alibi under the alibi statute, I.C. § 35–36–4–1, is

an impermissible infringement upon the right of the accused to testify guaranteed by Article I, § 13 of the Indiana Constitution.

*Id.* at 499.

■ The facts in the case before us fall squarely within the *Campbell* holding. There is no question that the trial court prevented Preston from testifying as to his whereabouts at the time of the offense. The judge not only specifically ruled that Preston could not testify he was at 2008 Carterton Drive on the night in question, but also informed Preston and his counsel that if the ruling prohibiting alibi testimony were violated, he would declare a mistrial, revoke Preston's bond, have him sit in jail until retrial, and assess the costs of the first jury against counsel.

■ Under the holding in *Campbell*, this was an impermissible infringement on Preston's right to testify in his own defense. The question then becomes whether the law of *Campbell* is applicable to Preston's case. The *Campbell* opinion itself is silent on the question of retroactive application. Although the law on retroactive application fluctuates greatly in this state, it is generally safe to assume in the event of silence on the part of the supreme court or the absence of a statement to the contrary that retroactive application of a "new rule"[1] will extend to those cases pending on direct appeal at the time the new rule is announced and in which a proper objection was lodged. *See Ried v. State* (1993), Ind., 615 N.E.2d 893; *Davis v. State* (1992), Ind., 598 N.E.2d 1041, *cert. denied* —— U.S. ——, 114 S.Ct. 392, 126 L.E.2d 340; *Coleman v. State* (1990), Ind., 558 N.E.2d 1059, 1061, *cert. denied* 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075; *Stout v. State* (1991), Ind.App., 580 N.E.2d 676.

Preston's case was pending on direct appeal at the time *Campbell* was decided.[2] There was also a proper objection made to

---

1. A "new rule" is a rule that breaks new ground and produces results not dictated by precedent which was existing at the time that the defendant's conviction became final. *Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342.

2. Preston's praecipe was filed June 1, 1993. *Campbell* was decided October 25, 1993.

exclusion of the evidence. Trial counsel argued Preston had a constitutional right to present a defense and that precluding him from testifying as to his whereabouts at the time of the crime denied him that right. Consequently, Preston is entitled to the benefit of the *Campbell* holding.

 While *Campbell* is applicable, that opinion also indicates that exclusion of a defendant's own testimony of alibi is subject to harmless error analysis. *Campbell,* 622 N.E.2d at 499. Exclusion of evidence that does not affect the substantial rights of the defendant is harmless error. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 131. As in *Campbell,* the crucial issues before the jury in this case were the issues of the credibility of the police officer and the informant and the reliability of their identification testimony. The police officer and informant provided inconsistent testimony concerning the sequence of events and persons present during the drug buy. Neither knew Preston prior to the meeting and it was dark at the time of the exchange. Identification was made through a yearbook photograph initially, and the possibility was there for the jury's consideration that under these circumstances the witnesses could have been mistaken in their identification. There is the possibility that the person the witnesses dealt with was not Preston but instead a brother, cousin, or other individual who resembled him. Essential to proving mistaken identity was Preston's alibi evidence. While allowed to testify he was not at home during the drug buy, his claim to that effect lacked force when he was prevented from testifying as to his whereabouts. Testimony which effectively translated to "I don't know where I was but I know I wasn't home" carries little weight. His alibi testimony was crucial to his defense and cannot be considered harmless error.

Because Preston was prevented from offering his own testimony as to alibi, his conviction must be reversed.

 Even though the conviction is reversed, we still must address Preston's claim of insufficiency of the evidence. *Small v. State* (1988), Ind., 531 N.E.2d 498, 500. Preston's argument in that respect is that the testimony of the State's witnesses was inherently improbable. He focuses on the inconsistencies in the testimony of Brown and Sanders. When reviewing sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. Instead, we look at the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, 590. Whatever inconsistencies existed in the testimony of Brown and Sanders merely went to the weight to be accorded their testimony. Looking at the evidence most favorable to the State, i.e. the unequivocal identification of Preston as the perpetrator by Brown and Sanders, the evidence was sufficient to support the verdict.

REVERSED AND REMANDED.

SHARPNACK, C.J., and NAJAM, J., concur.