**Richard Lee BAXTER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 57A03–9701–PC–17.

Court of Appeals of Indiana.

Dec. 15, 1997.

Susan K. Carpenter, Public Defender, Randy A. Elliott, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

STATON, Judge.

Richard Lee Baxter appeals from the partial denial of his petition for post-conviction relief. Baxter presents three issues for review which we restate as:

I.   Whether the trial court erred by restricting Baxter's alibi testimony in violation of Article I, Section 13 of the Indiana Constitution.

II.  Whether failure of the trial court to instruct the jury on the definition of "prior unrelated felony" entitles Baxter to relief.

III. Whether Baxter received ineffective assistance of trial and appellate counsel.

We affirm in part, reverse in part and remand.

On August 8, 1984, Baxter was convicted of two counts of child molesting and two counts of incest. Baxter was also found to be an habitual offender, and was sentenced for an aggregate term of thirty years. His convic-

tions were upheld on direct appeal. *Baxter v. State*, 522 N.E.2d 362 (Ind.1988).

On October 11, 1989, Baxter filed his petition for post-conviction relief. The post-conviction court vacated one of Baxter's habitual offender enhancements and the two incest convictions, but denied relief in all other respects.

■ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

## I.

### *Alibi Testimony*

■ Baxter filed an admittedly tardy notice of alibi before his trial. The trial court excluded all evidence of Baxter's alibi, including testimony from Baxter. Baxter contends that he is entitled to relief since, under *Campbell v. State*, 622 N.E.2d 495 (Ind.1993), Article I, Section 13 of the Indiana Constitution prohibits excluding alibi testimony from the defendant himself.

■ Before addressing the merits of Baxter's argument, we must first determine whether Baxter has waived this issue. The State contends that Baxter waived this issue since he could have argued for relief under Article I, Section 13 in his direct appeals. Issues which were or could have been raised on direct appeal are not available in a post-conviction proceeding. *Weatherford*, 619

N.E.2d at 917. However, it appears the State misconstrues Baxter's argument. Baxter is not arguing for relief under Article I, Section 13 *per se.* As is more fully detailed below, the law under this Section at the time of Baxter's direct appeals would have been of no avail. Rather, Baxter argues for the retroactive application of *Campbell*, decided after Baxter's direct appeals, which reconsidered previous Indiana law. Given that the principle of law upon which Baxter relies was not established at the time of his direct appeal, it is axiomatic that failure to raise it does not constitute waiver. *See Brown v. State*, 587 N.E.2d 693, 698 (Ind.Ct.App.1992) (no waiver in post-conviction proceeding when case law relied upon was not published until direct appeals were exhausted).

■ *Campbell* holds that excluding a defendant's own alibi testimony is an unconstitutional infringement on a defendant's right to be heard under Article I, Section 13. However, *Campbell* was decided in 1993, approximately five years after Baxter's direct appeals were exhausted. Too, *Campbell* decided a new rule of law.[1] Generally, a newly declared constitutional rule is retroactively applied only to cases pending on direct review. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Daniels v. State*, 561 N.E.2d 487 (Ind.1990). However, there are two exceptions to this general rule, one of which is implicated in this case.[2]

■ First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. *Teague*, 489 U.S. at 307, 109 S.Ct. at 1073. This exception is not applica-

---

1. A "new rule" of law includes a rule that produces a result not dictated by precedent existing at the time the defendant's conviction became final. *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989); *State v. Silva*, 668 N.E.2d 718, 719–20 (Ind.Ct.App. 1996). Prior to *Campbell*, our supreme court held that a defendant's own alibi testimony could be excluded when the defendant filed a tardy notice of alibi. *See Lake v. State*, 257 Ind. 264, 274 N.E.2d 249 (1971). Our supreme court reconsidered its prior decisions and reversed its stance on this issue in *Campbell*. Accordingly, *Campbell* announced a new rule of law. *Preston v. State*, 644 N.E.2d 585, 588 (Ind.Ct.App.1994).

2. The State contends, and the trial court agreed, that *Preston* held *Campbell* should not be available in post-conviction proceedings to retroactively attack convictions. 644 N.E.2d at 588. However, a review of *Preston* reveals that the issue was never addressed in that case. In *Preston*, this court noted the general rule above and applied it to Preston's situation since his case was pending on direct appeal when *Campbell* was decided. Whether *Campbell* should be retroactively available in post-conviction proceedings is an issue of first impression.

ble to this case. Under the second exception, implicated in this case, a new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty and without which the likelihood of an accurate conviction is seriously diminished. *Daniels,* 561 N.E.2d at 490. The second exception is "described as applicable only to 'watershed rules' necessary to the fundamental fairness of a criminal proceeding and which 'must not only improve accuracy, but also "alter our understanding of the *bedrock procedural elements*" essential to the fairness of a proceeding.'" *Id.* (citations omitted).

We have no difficulty concluding that the right of a defendant to be heard, as interpreted in *Campbell,* is one implicit in the concept of ordered liberty. That our constitution guarantees this right mandates no lesser a characterization. More troubling is whether preventing a criminal defendant from testifying as to his alibi seriously diminishes the likelihood of an accurate conviction within the meaning of *Teague* and *Daniels* and whether *Campbell* constitutes a "watershed rule."

Although the precise contours of the second exception are difficult to ascertain, *Daniels,* 561 N.E.2d at 490, a review of case law reveals that the hurdle to qualify for retroactive application is quite high. The rule announced in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), requiring a fair cross section of the community in a jury panel, was denied retroactive application in *Teague.* The prohibition of gender-based peremptory challenges did not qualify under the second exception. *State v. Silva,* 668 N.E.2d 718 (Ind.Ct.App.1996). The demise of the depraved sexual instinct exception, which admitted prior acts of sexual misconduct, is not retroactively applied to post-conviction petitions. *Cossel v. State,* 675 N.E.2d 355 (Ind.Ct.App.1996). In *Bivins v. State,* our supreme court announced a new constitutional rule which limited aggravating factors for consideration of the death penalty to those explicitly provided for in the death penalty statute; however, this new rule was denied retroactive application to cases which had become final. 642 N.E.2d 928, 956 (Ind. 1994). The rule prohibiting the use of statements in plea negotiations for impeachment purposes was denied retroactive application in *Williams v. State,* 601 N.E.2d 347, 348 (Ind.Ct.App.1992), *trans. denied.* Application of *Stanek v. State,* 603 N.E.2d 152 (Ind. 1992), holding that the State may not seek an habitual offender enhancement under the general habitual offender statute for habitual traffic violators, was held unavailable to retroactively void a guilty plea coerced by a threat to seek just such an habitual offender enhancement. *Long v. State,* 645 N.E.2d 1111 (Ind.Ct.App.1995). In fact, our research has uncovered only one case in Indiana finding retroactivity warranted under the second exception.

In *Brown v. State,* 587 N.E.2d 693 (Ind.Ct. App.1992), the issue was whether the principles announced in *Smith v. State,* 459 N.E.2d 355 (Ind.1984) and *Abdul–Wadood v. State,* 521 N.E.2d 1299 (Ind.1988) should be applied retroactively to cases final prior to their publication. *Smith* held that it was fundamental error not to instruct the jury on specific intent in the crime of attempted murder. *Brown,* 587 N.E.2d at 695. *Abdul–Wadood* held that it is error to leave the impression that a jury may convict if it believes the defendant intended only to engage in conduct carrying with it a risk of death without actually intending the death of the victim. *Id.* Because, in the absence of instructions complying with *Smith* and *Abdul–Wadood,* there is a risk of conviction without the requisite *mens rea, Brown* held that *Smith* and *Abdul–Wadood* were retroactively applicable under the second exception in *Teague* and *Daniels.*

We conclude Baxter's situation differs fatally from that in *Brown.* A review of *Smith* and *Abdul–Wadood* reveals that these holdings sprung from a concern for the accuracy of convictions in the absence of their teachings. However, *Campbell* rests on a different justification for its holding. *Campbell* was based upon Article I, Section 13 placing "a unique value upon the desire of an individual accused of a crime to speak out personally in the courtroom and state what in his mind constitutes a predicate for his innocence of the charges." *Campbell,* 622 N.E.2d at 498. Our supreme court continued that "[i]n light of the strong constitutional bias in

favor of permitting such personal testimony of the accused ..." forbidding a defendant from testifying as to his alibi violated the Indiana constitution. *Id.* at 499. Thus, unlike *Smith* and *Abdul–Wadood*, *Campbell* was based upon the reverence for an individual right guaranteed by our constitution, not a concern for the accuracy of convictions absent the new rule.

The United States Supreme Court recognized these different rationales when it refused retroactive application of *Taylor*. *Taylor* was based upon the role of the jury in our system, the necessity, in light of this role, for democratic participation and that public confidence in the system is threatened where the panel consists of only certain segments of our society. *Teague*, 489 U.S. at 314–15, 109 S.Ct. at 1077–78. *Taylor* did not rest upon the premise that criminal trials were necessarily unfair absent a fair cross-section of the community in a jury panel. *Id.* Where the reason for the new constitutional rule is not rooted in a concern for the accuracy of criminal convictions, we would be hard-pressed to justify retroactive application of the rule on the basis that not doing so would seriously diminish the likelihood of an accurate conviction. Accordingly, we conclude *Campbell* is not retroactively available to convictions which have become final prior to its publication.

## II.

### *Prior Unrelated Felony Instruction*

■■■ Baxter also contends that the trial court erred by failing to instruct the jury on the definition of prior unrelated felony. However, Baxter did not tender an instruction on the definition of prior unrelated felony at trial. A party cannot complain of incomplete or omitted instructions when he failed to tender any instruction on the point of law. *Gonzales v. State*, 642 N.E.2d 216, 217 (Ind.1994); *Lyons v. State*, 600 N.E.2d 560, 566 (Ind.Ct.App.1992), *reh. denied* (failure to tender instruction on prior unrelated felony waives allegation of error).

■■■ Too, Baxter failed to raise this argument on direct appeal. Post-conviction proceedings are not "super appeals," and any issues which could have been raised on direct appeal, but were not, are waived. *Weather-*

*ford*, 619 N.E.2d at 916–17. Accordingly, we conclude Baxter has waived this issue.

## III.

### *Ineffective Assistance of Counsel*

■■■ Finally, Baxter points to several instances of his trial and appellate counsel's conduct which he argues constitutes ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Fugate v. State*, 608 N.E.2d 1370, 1372 (Ind.1993). Counsel is presumed competent and the defendant must present clear and convincing evidence to rebut this presumption. *Id.*

■■■ Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992), *reh. denied* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■■■ Baxter argues that his counsel was ineffective for failing to raise the Article I, Section 13 argument ultimately adopted in *Campbell*. However, as noted above, the law at the time of Baxter's conviction would have been of no avail. Counsel is not ineffective for failing to argue for a change in the law even if, through subsequent opinions, the argument later proves viable. *See Robertson v. State*, 650 N.E.2d 1177, 1185 n. 5 (Ind.Ct. App.1995) (counsel not ineffective for failing to argue issue later recognized by supreme court), *rev'd on other grounds, Wright v. State*, 658 N.E.2d 563, 570 (Ind.1995).

■■■ Baxter next argues that his appellate counsel was ineffective for failing to raise, as fundamental error, the lack of an instruction on "prior unrelated felony." As noted above, the trial court did not issue an instruction on the definition of prior unrelated felony. It is the duty of the trial court to give instructions on all matters of law neces-

sary for the jury to give a verdict. *Burton v. State*, 526 N.E.2d 1163, 1165 (Ind.1988). Failure to instruct a jury on "prior unrelated felony" is fundamental error unless the evidence shows the proper sequence of convictions so the jury could not have found that the sequence was other than proper. *Lyons v. State*, 600 N.E.2d 560, 566–67 (Ind.Ct.App. 1992), *reh. denied*. In this case, the exhibits relied upon by the State do not show when the second offense was committed. Since the evidence does not show the proper sequence of convictions, it was fundamental error not to instruct the jury on "prior unrelated felony." *Id.* Thus, failure to raise this issue on appeal constitutes ineffective assistance of appellate counsel. The proper remedy is to remand for a retrial of the habitual offender allegation. *Washington v. State*, 441 N.E.2d 1355, 1360 (Ind.1982); *Morgan v. State*, 440 N.E.2d 1087, 1091 (Ind.1982).

Affirmed in part, reversed in part and remanded.[3]

DARDEN, J., concurs.

GARRARD, J., concurs in part and dissents in part with separate opinion.

GARRARD, Judge, concurring in part and dissenting in part.

While I concur with the majority's thorough treatment of the application of *Campbell* and the alibi issue in part I, I strongly dissent to the determination that the trial court committed fundamental error by failing to *sua sponte* give an instruction defining "prior unrelated felonies."

Initially, it must be recalled that this was a proceeding for post-conviction relief. Thus, the burden was upon Baxter to establish his entitlement to relief by a preponderance of the evidence. In *Weatherford v. State*, 619 N.E.2d 915, 918 (Ind.1993) (DeBruler, J. dissenting), our supreme court held that rather than merely challenging the state's proof, this requires the post-conviction relief applicant to demonstrate that he was *not* an habitual offender under the laws of this state.

I believe that this line of authority dovetails with the emerging view of our supreme court that the doctrine of fundamental error includes a fact sensitive component that examines whether the defendant at bar was actually denied the fundamental fairness which the doctrine seeks to protect. *See, e.g., Goudy v. State*, 689 N.E.2d 686 (Ind. 1997); *Swallows v. State*, 674 N.E.2d 1317 (Ind.1996) (holding no fundamental error arose despite trial court's failure to instruct on the specific intent element of attempted murder where the intent element was not the subject of a serious factual dispute at trial.)[4]

Baxter has offered *no* evidence that the felonies relied upon by the state were not in the sequence required by the habitual offender statute. Furthermore, he tendered no instruction defining prior unrelated felonies at his trial and did not raise the failure to instruct on this issue in his direct appeal. He couches his present argument as ineffective assistance of counsel, but the simple fact is that we do not know from the record why counsel did not request the instruction. Counsel is presumed competent, and it is wholly consistent with the record that counsel knew that, in fact, the felonies complied with the statutory mandate and the proof thereof was available at trial. As a tactical matter he may have simply chosen not to make an issue of it. He may even have done so in the hope that the jury might become confused and award an acquittal on the habitual offender status. The post-conviction record fails to establish that counsel's conduct *necessarily* fell below an objective standard of reasonableness.

Despite all the foregoing, the majority determines that it was fundamental error for the trial judge not to give the instruction *sua sponte*. Relying upon *Lyons v. State*, 600 N.E.2d 560 (Ind.Ct.App.1992) it asserts that "[f]ailure to instruct a jury on 'prior unrelated felony' is fundamental error unless the evidence shows the proper sequence of convictions...." *Lyons* held no such thing. It merely held that where the evidence estab-

---

**3.** Since we conclude that a new habitual offender trial is warranted, we do not reach Baxter's other claims which also implicate the habitual offender proceeding.

**4.** For prior decisions finding fundamental error for this instructional failure, see *Greer v. State*, 643 N.E.2d 324 (Ind.1994) and cases cited therein.

lished that the felonies occurred in the proper sequence, no fundamental error occurred. *Id.* at 567. It does not follow that absent such evidence fundamental error must be found. Indeed, in *Weatherford, supra*, the appellant's claim was rejected although the proof admittedly failed to establish the date of commission of one of the prior felonies.

I believe *Weatherford* provides the overriding principle for post-conviction relief review of habitual offender determinations. The defendant is required to demonstrate that his various convictions did not occur in the required order. Otherwise, he has failed to establish the fact sensitive element necessary to a determination of fundamental unfairness.

Accordingly, I would affirm the trial court.