Samuel CROOK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 09A02–0405–CR–421.

Court of Appeals of Indiana.

May 24, 2005.

Kelly Leeman, Leeman & Burns, Logansport, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Samuel Crook (Crook), appeals his conviction for posses-sion of marijuana, a Class A misdemeanor, Ind.Code § 35–48–4–11.

We reverse.

### ISSUE

Crook raises two issues on appeal, one of which we find dispositive and restate as follows: whether the trial court erred in denying his Motion to Suppress Evidence because the warrantless trash search was not based on reasonable suspicion.

### FACTS AND PROCEDURAL HISTORY

Based on an anonymous telephone call concerning illegal drug activity, Indiana State Trooper Robert Burgess (Trooper Burgess) was directed to collect trash bags from Crook's residence, located at 930 Erie Avenue, Logansport, Indiana. On September 11, September 25, October 2, and November 13, 2002, Trooper Burgess removed several trash bags from Crook's trash receptacles, which were located in front of his residence between the side-walk and the street. At least one of the trash bags collected, on each of the four days, contained evidence of marijuana. On November 13, 2002, Trooper Burgess ap-plied for, and received a warrant to search Crook's residence. On the same day, Indiana State Police Trooper Brian Dor-mer, Trooper Burgess, and Logansport Police Officer James Klepsinger (Officer Klepsinger), executed a search warrant on Crook's residence. During the search, Of-ficer Klepsinger found a shoebox under Crook's bed containing partially burnt roll-ing papers, seeds, and green plant-like ma-terial. The Indiana State Police Laborato-ry determined that the contents of the shoebox tested positive for marijuana.

On November 19, 2002, the State filed an information charging Crook with Count I, maintaining a common nuisance, a Class D felony, I.C. § 35–48–4–13; and Count II, possession of marijuana, a Class A mis-

demeanor, I.C. § 35–48–4–11. On August 12, 2003, Crook filed a motion to suppress evidence of marijuana found in his residence. The trial court held a hearing on the motion to suppress on December 18, 2003. Subsequently, on February 2, 2004, the trial court denied Crook's motion. Thereafter, on March 2, 2004, a bench trial was held. Following the bench trial, the trial court found Crook guilty of possession of marijuana, but not guilty of maintaining a common nuisance. On April 1, 2004, following a sentencing hearing, the trial court sentenced Crook to 180 days probation.

Crook now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ Crook contends that the trial court erred in denying his Motion to Suppress Evidence. Specifically, Crook asserts that his rights under Article I, Section 11 of the Indiana Constitution were violated when Trooper Burgess searched through his garbage without reasonable suspicion. We agree.

Our review of a trial court's denial of a motion to suppress is similar to other sufficiency matters. *Willingham v. State,* 794 N.E.2d 1110, 1113 (Ind.Ct.App.2003). In reviewing the trial court's decision, we consider the evidence most favorable to the trial court's ruling and any uncontradicted substantial evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Id.* If the evidence is conflicting, we consider only the evidence favorable to the ruling and will affirm the trial court's decision if it is supported by substantial evidence of probative value. *Id.*

■ Article I, Section 11 of the Indiana Constitution reads as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

The legality of a governmental search under the Indiana Constitution turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State,* 824 N.E.2d 356, 359 (Ind.2005) (citing *Moran v. State,* 644 N.E.2d 536, 539 (Ind.1994)). The "totality of the circumstances requires consideration of both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *Id.* at 360. Thus, the reasonableness of a search or seizure, under the totality of the circumstances, turns on a balance of: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." *Id.* at 361.

■ Moreover, "[s]eizure of trash that is in its usual location for pickup is no intrusion at all on the owner's liberty or property interests. The owner wants and expects the trash to go away, and who removes it is normally a matter of indifference. If the trash is located in the place where it is normally picked up, the trash collection agency, whether public or private, is invited onto the property to the extent necessary to gather and empty the trash. Police officers can perform the same acts with no greater intrusion." *Id.* at 363. However, "it is not reasonable for law enforcement to search indiscrimi-

nately through people's trash." *Id.* Therefore, the *Litchfield* court found that "a requirement of articulable individualized suspicion, essentially the same as is required for a *"Terry* stop" of an automobile, imposes the appropriate balance between the privacy interests of citizens and the needs of law enforcement." *Id.* at 364; *see D.H. v. State,* 688 N.E.2d 221, 223 (Ind.Ct. App.1997) (citing *Terry v. Ohio,* 392 U.S. 1, 19–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968)).

Further, as a general rule, an anonymous tip alone is not enough to constitute the reasonable suspicion necessary for a valid *"Terry* stop." *Beverly v. State,* 801 N.E.2d 1254, 1261 (Ind.Ct.App.2004), *trans. denied.* Federal precedent requires confirmation of the anonymous informant's ability to predict the suspect's future behavior in order to establish the credibility of the anonymous informant's claim concerning the suspect's alleged future illegal conduct. *State v. Stickle,* 792 N.E.2d 51, 55 (Ind.Ct.App.2003) (citing *Alabama v. White,* 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). This requirement affords protection against information that might be relayed to the police by a prankster or by a police officer acting in bad faith. *Id.*

Crook's argument finds support in *Litchfield v. State,* 824 N.E.2d 356. In *Litchfield,* the supreme court held that a search of trash recovered from the place where it is left for collection is permissible under the Indiana Constitution only if the investigating officials have an articulable basis justifying reasonable suspicion that the subjects of the search have engaged in violations of law that might reasonably lead to evidence in the trash. *Id.* at 357.

In this case, our review of the record reveals that Trooper Burgess's superior officer received information that, according to an anonymous caller, illegal drug activi-

ty was occurring at Crook's residence. However, the record fails to reveal any other information concerning the anonymous call. Because an anonymous tip alone is not enough to constitute the reasonable suspicion necessary for a valid *"Terry* stop", we find that an anonymous tip alone is insufficient to constitute the reasonable suspicion necessary to search through Crook's garbage. *See id.* at 364; *see also Beverly v. State,* 801 N.E.2d at 1261; *State v. Stickle,* 792 N.E.2d at 55. Accordingly, the evidence against Crook should have been suppressed.

### CONCLUSION

Based on the foregoing, we conclude that Crook's rights under Article I, Section 11 of the Indiana Constitution were violated because Trooper Burgess did not have reasonable suspicion to search through Crook's garbage. Therefore, the trial court erred in denying Crook's Motion to Suppress.

Reversed.

SULLIVAN, J., and NAJAM, J., concur.